Coleman Young, Esq.
TEMPLETON, SMITHEE, HAYES
  HEINRICH & RUSSELL, L.L.P.
320 S. Polk, Suite 1000
P. O. Box 15010
Amarillo, Texas  79105
(806) 324-0324 – Telephone
(806) 379-8568 – Telecopy

ATTORNEY FOR RANDI L. CRUM

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| RALPH LYLE CRUM, | § | CASE NO.2-08-20297-RLJ-7 |
| | § | Hearing Set for September 11, 2008 |
| DEBTOR. | § | at 1:30 p.m. |

**RANDI L. CRUM'S OBJECTIONS TO
DEBTOR'S AMENDED CLAIMED EXEMPTIONS**

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW Randi L. Crum, a creditor and party in interest in the above referenced bankruptcy proceeding and files this her Objections to Debtor's Amended Claimed Exemptions. In support of these objections Randi Crum would show the Court as follows:

    1.    Debtor filed for relief under Chapter 7 of the United States Bankruptcy Code on May 30, 2008.

    2.    This Court has jurisdiction over the subject matter of this Objections pursuant to 28 U.S.C. § 1334.  The matter is core pursuant to 28 U.S.C. § 157(b)(2)(B).

    3.    Debtor has claimed his amended exemptions under Federal Law.

4. The Debtor has claimed a $10,000 exemption in furniture and furnishings located at 25 Fenton Hill Road, Weston, Connecticut, including a bronze sculpture Sun and Moon, located at 25 Fenton Hill Road, Weston Connecticut. However, on April 8, 2008, the Memorandum of Decision of the Superior Court, Judicial District of Stanford, in Cause No. FST FA 06 4010407, styled *Randi Crum v. Ralph Crum*, held that Randi Crum was to "retain all the remaining assets in her name as her sole property **as well as the contents of the Weston Home**." A copy of this Memorandum is attached as an exhibit hereto. Therefore, the Debtor has no interest in the household furniture and furnishings on which he makes a claim of exemption, and that exemption should be denied.

5. The Debtor has claimed exemptions under 11 U.S.C. § 522(d)(3) in household furniture and furnishings of $10,000; including a bronze sculpture he has previously valued at $20,000. However, 522(d)(3) contains not only an overall monetary limit, but also a per item limit of $525. The Debtor is therefore required to (a) specifically describe any item he claims as exempt under 522(d)(3) and state the value of the interest he claims as exempt, and (b) not claim an exemption in any item of personal property in excess of $525. In addition, 11 U.S.C. § 522(d)(3) requires that the items to be exempted be held primarily for the personal, family or household use of the debtor or a dependent of the debtor. The Debtor here has had no possession or use of any item of personal property located at 25 Fenton Hill Road for three years, so he cannot claim such property as exempt for his own personal or household use.

6. The Debtor has also claimed as exempt a Group Sama Internacional IRA of $254,902.04; a Fidelity Retirement Account of $38,080.64; a Wachovia SEP-IRA of $79.58; and proceeds of a Fidelity IRA of $11,000. These exemptions are claimed under 11 U.S.C. §§

522(d)(12); 522(d)(10)(E); § 522(b)(3)(C); *Patterson v. Shumate* and *Roussey v. Jacoway*. The Supreme Court in *Patterson* and *Roussey* said that although a Debtor's interest in an IRA **could not be** excluded from being property of the estate under § 541(c)(2), it could be exempted under 11 U.S.C. § 522(d)(10)(E). Thus, the Debtor's argument that his IRA's are **not property of the estate** under *Patterson* is incorrect. As evidenced by the Memorandum attached hereto as an exhibit, the Debtor owes Randi Crum and their children a domestic support obligation which is excepted from any exemption claimed by the Debtor. Specifically, although the Debtor may be able to exempt his IRA's and non-ERISA Retirement Accounts under 11 U.S.C. §§ 522(d)(12) and 522(d)(10)(E), under 11 U.S.C. § 522(c)(1), those exemptions are not effective to eliminate the liability of the Debtors IRA's and non-ERISA Retirement Accounts from the domestic support obligations owed by the Debtor to Randi Crum and their children. The Debtor's IRAs and non-ERISA Retirement Accounts are also not "pension plans" subject to exemption under 29 U.S.C. § 1056(d), and in fact are expressly excluded from ERISA's anti-alienation requirements under 29 U.S.C. § 1051(6). *Patterson v. Shumate*, 504 U.S. at 762-63. Because the Debtor has elected Federal Exemptions, he cannot claim exemptions under 11 U.S.C. § 522(b)(3)(B); however, to the extent permitted, § 522(b)(3)(B) exemptions still are not effective to exempt IRA's and non-ERISA Retirement Accounts from liability for domestic support obligations under 11 U.S.C. § 522(c)(1). Therefore, the Movant requests the Court limit any exemption granted for the Debtor's IRA's and non-ERISA Retirement Accounts to provide that such exemptions do not protect such property from libility for the domestic support obligation owed by the Debtor to Randi Crum and their children, including the obligations described in the attached Memorandum.

WHEREFORE, PREMISES CONSIDERED, Randi Crum prays that upon hearing the Court will deny and limit the exemptions claimed by the Debtor as set forth above.

> Respectfully submitted,
>
> /s/ Coleman Young
> Coleman Young
> State Bar No. 22174200
> TEMPLETON, SMITHEE, HAYES,
>   HEINRICH & RUSSELL, L.L.P.
> 320 S. Polk, Suite 1000
> P. O. Box 15010
> Amarillo, Texas 79101
> Telephone No. 806/324-0324
> Telecopy No. 806/379-8568
>
> ATTORNEY FOR RANDI L. CRUM

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing instrument was served upon the following this 29th day of August, 2008, addressed as follows:

| | |
|---|---|
| Mr. Van Northern<br>NORTHERN LAW FIRM<br>112 W. 8th Street, Suite 400<br>Amarillo, Texas 79101 | Via Electronic Notice ☒<br>Certified Mail, Return Receipt Requested ☐<br>United States Regular Mail ☐<br>Overnight Mail ☐<br>Via Facsimile Transmission ☐<br>Via Hand-Delivery ☐ |
| Mr. Kent David Ries<br>600 S. Tyler, Suite 1300<br>Box 12058<br>Amarillo, Texas 79101 | Via Electronic Notice ☒<br>Certified Mail, Return Receipt Requested ☐<br>United States Regular Mail ☐<br>Overnight Mail ☐<br>Via Facsimile Transmission ☐<br>Via Hand-Delivery ☐ |

| United States Trustee<br>1100 Commerce Street, Room 976<br>Dallas, Texas 75242-1496 | Via Electronic Notice | ☒ |
|---|---|---|
| | Certified Mail, Return Receipt Requested | ☐ |
| | United States Regular Mail | ☐ |
| | Overnight Mail | ☐ |
| | Via Facsimile Transmission | ☐ |
| | Via Hand-Delivery | ☐ |

/s/ Coleman Young
Coleman Young