FST FA 06 4010407 S    : SUPERIOR COURT

RANDI CRUM    : JUDICIAL DISTRICT OF
    STAMFORD/NORWALK

V.    : AT STAMFORD

RALPH CRUM    : APRIL 8, 2008

## MEMORANDUM OF DECISION

The plaintiff wife, 46, whose birth name is Cowel, and the defendant

husband, 54, married on September 7, 1992 in Tarrytown, New York. The plaintiff

has lived in this state continuously for over a decade next preceding the date of

filing the complaint in this court thereby providing this court with jurisdiction. They

have two minor children issue of their marriage, William Henry born September 19,

1995 and Celia Margaret born October 24, 1997.

The plaintiff is a college graduate with a master's degree in anthropology

received in 1986. She worked as a sales rep in the medical field for the next seven

years. Her earnings never exceeded $34,000. The defendant is a medical doctor

who was working at New York's Bellevue Hospital when the parties met, became

engaged and wed.

Shortly thereafter, in 1994, the defendant accepted a position with Norwalk Hospital that led them to move to Connecticut. The defendant also maintained a private practice. His adjusted gross income for 1999 was $211,115.00, (Pl. Ex. #2). His earnings increased every year thereafter, peaking in 2002 at $528,293 and 2004 at $539,380 (Pl. Ex. #5 & #6). In 2005 increases in liability insurance and wages resulted in an adjusted gross income of $349,407 (Pl. Ex. #8). Their final separation occurred during the year when the defendant moved to an apartment located near the hospital. The following year the defendant severed his relationship with Norwalk Hospital, closed his practice and in May relocated to Amarillo, Texas to become a professor at Texas Tech. He is currently in the planning stage for a barariatric surgery clinic having obtained a $300,000 SBA loan from which he has drawn $120,000 and is seeking one or more other doctors to join him. Although he has a Connecticut license to practice medicine he has not yet acquired one from Texas.

The marital home they purchased is a 200 year old farmhouse that underwent substantial renovation with a two year old barn style garage. The plaintiff lists the property on her financial affidavit as having a fair market value of $1,050,000 subject to a mortgage balance $445,000. Her remaining assets are listed as:

| | |
|---|---|
| Wachovia IRA | $ 47,035.03 |
| Personal property, jewelry | 30,000.00 |

The plaintiff's liabilities are listed as:

| | |
|---|---|
| Personal loans | $ 30,000.00 |
| Attorneys fees (not including the trial) | 32,059.00 |
| Two credit cards | 27,050.00 |

The defendant lists the same value for the real property but with a mortgage balance of $444,117. The defendant's remaining assets are listed as:

| | |
|---|---|
| Art, antiques, sculpture | $ 80,000.00 |
| 2004 Jeep | 17,000.00 |
| Deferred comp plans | 282,876.00 |
| Chase checking | 331.00 |

The defendant lists his liabilities as:

| | |
|---|---|
| Credit cards | $ 60,678.00 |
| Small business loan | 120,000.00 |
| Trude Hall | 17,000.00 |

The plaintiff ceased working after she became pregnant and has been and is a homemaker.

The court finds the series of affairs and infidelities engaged in by the defendant to be the cause of the marriage becoming irretrievably broken down. They are both in good health. The defendant has the greater amount of formal education that he put to good use as well as an earning capacity that far exceeds the plaintiff's earning capacity. His abilities will in all likelihood enable him to acquire

3

greater assets in the future. Their current estates are modest for the court finds as

fact that they spent freely in the past on cars, vacations, parties, a boat as termed by

the plaintiff as "living large."

They have agreed to a parental responsibility plan dated March 19, 2008 that

the court finds to be in the children's present best interest and will include it in its

decree.

The court finds the defendant's earning capacity exceeds the maximum

weekly net income set forth in the guidelines and further finds an unallocated order

to be appropriate.

The court finds that the parties, had they remained intact, would more likely

have provided for the college education of their children and, at the request of the

plaintiff, the court will retain jurisdiction pursuant to § 46b-56c Conn. Gen. Statutes.

Having reviewed the evidence in light of relevant case law and the relevant statutes,

the court renders judgment dissolving the marriage on the ground of irretrievable

breakdown and the following orders are made part of the decree.

1.     The parenting plan dated March 19, 2008 is ordered it being in the

present best interest of the two children.

2.     The defendant shall maintain health insurance for the children. The

defendant shall pay, for the benefit of the children, all reasonable medical, optical,

4

surgical, hospital, psychiatric, psychological and nursing expenses, and the cost of

prescriptive drugs ("medical expenses") and dental and orthodontia expenses for as

long as the policy allows; provided, however, that no psychiatric or psychological

or orthodontia expenses or elective surgery or treatment shall be incurred without

the prior consent of both of the parties which consent shall not be unreasonably

withheld.   The defendant shall cooperate with the plaintiff if she elects COBRA

coverage.

3.      The defendant shall pay to the plaintiff $12,000 monthly payable in

two equal installments due on the first and the sixteenth of each month as

unallocated periodic alimony and child support until the death of either party, the

plaintiff's remarriage or civil union. Section 46b-86 applies to this order. The order

is fully modifiable as to amount or term. A wage withholding order is entered. First

payment shall be due May 1, 2008 allowing for the pendente order to be completed

for the current month (cf. 6/4/07 order).  The stipulation dated March 20, 2008

signed and filed with the court shall be completed if not previously done.

4.      The defendant's interest in 25 Fanton Hill Road, Weston, Connecticut

is awarded to the plaintiff.  If a properly executed quit claim deed is not tendered

within 30 days the interest shall be transferred via the statutes made and provided.

The plaintiff shall obtain a novation removing the defendant from the obligation of

5

the mortgage note and deed within three months and, if the note holder declines to

do so the plaintiff shall refinance said mortgage and if unable to do so she shall

immediately place the property on the market for sale. In any event the plaintiff

shall pay to the defendant $150,000 due one year from date of judgment. Time is

not of the essence but the court will enforce this provision as allowed by *Roberts* v.

*Roberts*, 32 Conn. App. 465.

5.     The plaintiff shall retain all remaining assets in her name as her sole

property as well as the contents of the Weston home and she shall be solely

responsible for the debts listed on her financial affidavit.

6.     The defendant shall retain all remaining assets in his name as his sole

property and he shall be solely responsible for the debts listed on his financial

affidavit.

7.     The court makes no order concerning the Ralph L. Crum Irrevocable

Trust Agreement (Pl. Ex. #1).

_____
      HARRIGAN, J.T.R.

Decision entered in accordance
with the foregoing on 4/5/2005. All
counsel and pro se parties of record
notified on 4/5/2005. (THC)