Van W. Northern
Northern Law Firm
112 W. 8th Ave., Suite 400
Amarillo, Texas 79101
SBN: 15101100
(806) 374-2266, (806) 374-9535 FAX
ATTORNEY FOR RALPH LYLE CRUM

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 08-20297-RLJ-7 |
| | § | Chapter 7 |
| RALPH LYLE CRUM, | § | |
| Debtor. | § | Hearing Date: November 6, 2008 |
| | § | Hearing Time: 1:30 p.m. |

### JOINT STIPULATIONS FOR TRUSTEE'S
### AND RANDI CRUM'S OBJECTIONS TO EXEMPTIONS

COME NOW, Ralph Crum, Debtor, Kent D. Ries, Standing Trustee, and Randi Crum, Creditor, by and through their respective attorneys of record, and agree to the following stipulations so that the Court may determine the objections by the Standing Trustee and Randi Crum to the last filed amended exemptions of Debtor, to the extent those exemptions are addressed below:

1. The Debtor, Ralph Crum, filed his first Amended Claims of Exemptions on August 27, 2008, and a Creditor, Randi Crum, and the Trustee, Kent Ries, have filed Objections to those claims of exemptions which are set for hearing on November 6, 2008, at 1:30 pm. The Debtor filed additional claims of exemption on November 2, 2008, which the parties agree may be hereafter subject to further objections by creditors and the Trustee. However, the parties agree that the claims of exemptions filed by the Debtor which were set for hearing on November 6, 2008, have not substantially changed (although the legal basis for those exemptions may have been expanded by the Debtor as set forth by the Debtor in its

November 2, 2008 amendments), and the parties believe that the issues concerning those claims of exemptions and the objections to exemptions set for hearing on November 6, 2008, are ripe for determination and should be considered by the court without further delay.

2. In order to simplify the issues, and reduce the cost of litigation, the parties have agreed to stipulate to the following facts upon which the court is asked to determine the Debtor's claims of Exemptions and the Objections to Exemptions set for hearing on November 6, 2008, without the need for an evidentiary hearing. The parties have agreed to file briefs containing their respective arguments and authorities with respect to those issues by November 19, 2008, and have agreed that the failure of a party to file a brief by this deadline, without an order granting an extension, will waive the right to file a brief. However, if the court requests a hearing for the presentation of evidence or argument to assist the court in reaching a determination on the issues, the parties have agreed to participate in such a hearing and have agreed that the hearing may be set by the court on its own motion or notice for a future docket.

3. The parties stipulate that the account claimed as exempt identified by the Debtor as "Group SAMA Internacional, G.S. S.A., IRA Account No. 10673534" (the "Group SAMA account") is not an IRA account, or an otherwise "qualified" IRS account, as can be claimed as exempt, without a showing of other circumstances or law by the Debtor, in his bankruptcy proceeding in its current form under federal law, including United States Bankruptcy Code section 522, or the laws of the State of Texas. However, the parties stipulate that the $254,902.04 in

funds deposited into the Group SAMA Account on May 29, 2008, were the proceeds of two IRA accounts which had been funded over time by regular contributions from the Debtor's salary or self-employment income, and which funds, if they had remained in those original accounts, would have been exempt under federal law from the claims of his general creditors. The parties do not stipulate that the funds in the original two IRA accounts would have been exempt from the alimony/child support claims of Randi Crum, and that issue is presented to the court for determination.

4. The parties stipulate that the sworn testimony of Ralph Crum in support of his claims of exemptions would be as follows: that he withdrew funds from IRA and qualified retirement accounts in April, 2008, and when he deposited those funds into the Group SAMA account, he was attempting to "roll over" those same funds in the amount of $254,902.04 into a qualified IRA account. Dr. Crum would testify that when he deposited the $254,902.04 into the Group SAMA account, it was under the mistaken belief (based on the misrepresentation by Group SAMA, with no complicity of Ralph Crum) that he was rolling exempt funds into a new IRA that was a "qualified" IRS retirement account. Dr. Crum would testify that only approximately 2 weeks ago did he discover that the Group SAMA accounts were in fact not exempt IRAs or otherwise "qualified" IRS accounts, and that it was the misrepresentation of Group SAMA which resulted in funds from his IRA's and qualified retirment accounts being placed in a non-IRS qualified account. Dr. Crum would testify that all of the documentation provided to him by Group SAMA supporting the investment was entirely written in Spanish, a language in which he is not literate. Copies of the Group SAMA

investment documents are attached as an exhibit.

5. The Parties stipulate that Dr. Crum withdrew $97,307.83 in funds by a check written payable to himself from his Prudential qualified Retirement Account on April 29, 2008; that Dr. Crum withdrew $157,594.21 in funds by a check written payable to himself from his Wachovia SEP IRA account No. 2790-9071 on April 26, 2008; that Dr. Crum deposited the funds he received from the Prudential Account and the Wachovia Account, totaling $254,902.04, into the Group SAMA account on May 29, 2008; that Dr. Crum filed his petition in Bankruptcy on May 30, 2008; and that the $254,902.04 now remains in the Group SAMA account. The parties agree, in general, that federal law allows a taxpayer 60 days after taking a distribution from an IRA or other qualified retirement account to deposit those funds into another IRA or tax qualified account to avoid such funds losing their tax-deferred and exempt status.

6. The parties stipulate that the Fidelity Retirement account No. 139913995 in the amount of $38,080.64 (and any increase thereof) is a Roll Over IRA account and that the Wachovia SEP IRA Account No. 2790-9071 in the amount of $79.58 is a SEP IRA account, and that those accounts are exempt under federal law from the claims of Dr. Crum's general creditors. The parties do not stipulate that those two IRA accounts are exempt from the alimony/child support claims of Randi Crum, and that issue is presented to the court for determination.

7. The court will be asked to determine Randi Crum's Objection to Exemptions with respect

to the Group SAMA and the IRA accounts described above. Specifically the court is asked to determine whether the funds in those accounts, to the extent they are found to be exempt from the claims of Dr. Crum's general creditors, are exempt from the alimony/child support claims of Randi Crum, on behalf of herself and their children. The parties stipulate that Randi Crum was awarded in the "Memorandum of Decision" terminating the marriage of Randi Crum and Dr. Crum on April 8, 2008, child support/alimony of $12,000 per month plus the Debtor's obligation to provide health insurance coverage for his 2 minor children; and that Dr. Crum owed Randi Crum child support of $38,298.86 on May 30, 2008, when he filed his petition in Bankruptcy. A copy of the Memorandum of Decision is attached hereto as an exhibit.

8. The court will be asked to determine, based on the Objections filed by the Trustee and Randi Crum, whether the funds contained in the Group SAMA Account meet the requirements for Dr. Crum to claim those funds as exempt under federal law in his bankruptcy proceeding.

9. The Parties stipulate that Dr. Crum withdrew $13,000 from his Fidelity IRA on May15, 2008, and that he has claimed $11,000 of these funds, which he paid to his fiance, Trudy-Herrmann-Hall, before he filed his bankruptcy proceeding, as exempt as "Fidelity IRA Proceeds." The court will be asked to determine, based on the objection filed by the Trustee, whether the funds paid by Dr. Crum to Trudy Herrmann-Hall meet the requirements for Dr. Crum to claim those proceeds as exempt under federal law in his bankruptcy proceeding.

10. The parties stipulate that the Debtor's claims of exemption of any personal property located at 25 Fanton Hill Rd., in Weston Connecticut, including household goods, furnishings, sculptures and artwork, are withdrawn by Dr. Crum, with prejudice, based on the Memorandum of Decision, the Motions for Articulation filed by the Dr. Crum, the transcript of hearing, and the ruling of the Connecticut Divorce Court on the Motions for Articulation, copies of which are attached hereto as exhibits.

Respectfully submitted,

**NORTHERN LAW FIRM**
112 W. 8th Ave., Suite 400
Amarillo, Texas 79101
Tel. (806) 374-2266
Fax. (806) 374-9535

_____
Van W. Northern
State Bar No. 15101100
*Attorney for Debtor*

AGREED TO AS TO FORM AND CONTENT:

_____
Kent Ries, Trustee

_____
Van W. Northern
Attorney for Debtor

_____
Cole Young,

Attorney for Randi Crum

## CERTIFICATE OF SERVICE

The undersigned certifies that he has on the date shown below transmitted a true copy of the foregoing document to the following parties in interest by electronic notification via the court's electronic case filing system or by mail on the 6 day of November, 2008:

Kent D. Ries
600 S. Tyler, Suite 1300
Box 12058
Amarillo, Texas 79101
*Chapter 7 Trustee*

Cole Young
Templeton, Smithee, Hayes,
    Heinrich & Russell, L.L.P.
P.O. Box 15010
Amarillo, Texas 79105
*Attorney for Movant, Randi L. Crum*

Eddie R. Jimenez
Pite Duncan, LLP
525 E. Main Street
P.O. Box 12289
El Cajon, California 92022-2289
*Notice Only*

U.S. Trustee
1100 Commerce Street, Room 9C60
Dallas, Texas 75242

/s/ Van W. Northern
Van W. Northern