```
FA-064010407S           :   SUPERIOR COURT

CRUM, RANDI             :   JD STAMFORD/NORWALK

VS                      :   AT STAMFORD

CRUM, RALPH             :   May 12, 2008
```

B E F O R E:

    HONORABLE DENNIS HARRIGAN, JUDGE

A P P E A R A N C E S:

    REPRESENTING THE PLAINTIFF:

        JACQUELINE CONLON, ESQ.

    REPRESENTING THE DEFENDANT:

        HELEN BRUNO, ESQ.

LISA FRANCHINA
COURT RECORDING MONITOR


EXHIBIT F

```
1         THE COURT:    All right. Crum. Motion for
2   Articulation and Clarification filed by attorney
3   Bruno. All right. Are there two items?
4         MS. BRUNO:    Two different motions, Your
5   Honor.
6         THE COURT:    Oh. Which one do you want to
7   take up first.
8         MS. BRUNO:    Your Honor, I'll take up the
9   -- the alimony one first, Your Honor.
10        THE COURT:    All right. Is that all right
11  with you, counsel?
12        MS. CONLON:   That's absolutely fine, Your
13  Honor.
14        THE COURT:    All right. Go ahead.
15        MS. BRUNO:    Your Honor, as I said in
16  Motion, you ordered $12,000 monthly payment of
17  unallocated alimony and child support. The next
18  sentence was, the order is fully modifiable as to
19  amount or term.
20        On the defendant's -- my client's financial
21  affidavit, Your Honor, he's showing zero for
22  income. So, although, you listed in the
23  Memorandum of Decision, what he made over the
24  years, I -- I don't think you found any actual
25  earning capacity for him.
26        THE COURT:    That's it?
27        MS. BRUNO:    Yes, that's it, Your Honor,
```

```
 1    because if -- if the order is fully modifiable as
 2    to term and amount and his financial affidavit is
 3    showing zero.  So, if you don't find an earning
 4    capacity then that sentence really doesn't make
 5    any sense because how can you modify from zero.
 6    If he's making zero -- if he makes a hundred
 7    dollars a year -- do -- do you know what I mean,
 8    Your Honor?
 9         THE COURT:    I -- I think I do.  He's the
10    doctor that went down to Texas?
11         MS. BRUNO:    Correct, Your Honor.
12         MS. CONLON:   Yes, Your Honor.
13         THE COURT:    And he's in the middle of
14    constructing a clinic and hiring associates and
15    many, many other things.
16         MS. BRUNO:    Yes, Your Honor.
17         THE COURT:    And he --
18         MS. CONLON:   Yes, Your Honor.
19         THE COURT:    -- suspended his office, or,
20    closed it here in Connecticut.  The reason why I
21    cited his prior years in Connecticut was to
22    demonstrate his earning capacity.
23         MS. BRUNO:    But, Your Honor, I'm just
24    asking, if you would, to find an actual earning
25    capacity so if there's anything that could be
26    modifiable, we can have something to deal with
27    rather than zero.
```

```
1            THE COURT:    Well, why -- dealing with
2   zero on an earning capacity, counsel, that's why
3   I cited his career here in Connecticut and what
4   he made year after year here in Connecticut.
5            MS. BRUNO:    So --
6            THE COURT:    -- That demonstrates his
7   capacity.
8            MS. BRUNO:    So, Your Honor, then you
9   would -- you would foresee just taking some kind
10  of an average of those figures to be his earning
11  capacity?
12           THE COURT:    Do whatever you want.  That's
13  what it mean, counsel.  That -- those are his
14  earning -- that was his demonstrated earning
15  capacity.  What do you say?
16           MS. CONLON:   I read Your Honor's decision
17  and understood Your Honor's decision that the
18  $12,000 a month was based on his earning capacity
19  as I had argued in my closing argument.  I didn't
20  have a problem.
21           MS. BRUNO:    Okay, Your Honor, there's
22  another Motion.  Your Honor found -- this is
23  personal property, Your Honor.  Your Honor found
24  as defendant's assets arts, antiques and
25  sculptures worth $80,000.  And you said that he
26  can retain his -- his -- his personal property.
27           But, then you also found that the plaintiff
```

1    shall retain all remaining assets in her name as
2    her sole property as well as the contents of the
3    Weston home. While the arts, antiques and
4    sculptures are in the Weston home. So, I think
5    it's unclear to me as to who owns --
6        THE COURT:    -- Yeah.
7        MS. BRUNO:    -- the arts, antiques and
8    sculptures.
9        THE COURT:    Well . . .
10       MS. CONLON:    Your Honor, after reading
11    your decision it was clear to me that paragraph
12    six, the defendant shall retain all remaining
13    assets in his name as his sole property and shall
14    be so responsible for the debt listed on his
15    financial affidavit meant his retirement
16    accounts, his bank account; it didn't mean the
17    property in the marital home.
18        Because paragraph five, the Court said, the
19    plaintiff shall retain all remaining assets in
20    her name as the sole property as well as the
21    contents of the Weston home. And she shall be
22    solely responsible for the debts listed on her
23    financial affidavit. That's clear, Your Honor.
24        There's nowhere in this decision where you
25    found that he owned assets in terms of
26    furnishings or antiques in the amount of $80,000.
27    That was on his financial affidavit but Your

```
 1           Honor didn't find that.  And pursuant to Statute
 2           you're allowed to give to either party the assets
 3           of the other.  I just thought that's what you
 4           did.
 5                THE COURT:     Let me -- let me look at what
 6           I wrote.
 7                MS. BRUNO:     It's page three, Your Honor.
 8           The second paragraph of your Memo of Decision.
 9                THE COURT:     Page three?
10                MS. BRUNO:     Yes, Your Honor, of your --
11                THE COURT:     I don't see it.
12                MS. BRUNO:     If I may, Your Honor.
13                THE COURT:     Pardon?  I don't understand
14           page three.
15                MS. BRUNO:     Your Honor, if I have -- I
16           have your Memorandum.
17                THE COURT:     Well, we have the original.
18                MS. BRUNO:     May I see the original
19           because the copy I have, it's clearly on page
20           three.
21                THE COURT:     Page three.  What's on page
22           three.  Page three of the Memorandum?
23                MS. BRUNO:     Of your Memorandum, Your
24           Honor.  The second paragraph, defendant lists the
25           same value for the real property.  The
26           defendant's remaining assets as listed are.
27                THE COURT:     Yeah, the defendant's
```

1   remaining assets are listed as. All right.
2   Okay.
3           MS. BRUNO:   And Your Honor, I believe --
4   what the -- the problem that I was having, Your
5   Honor, is that these -- these -- these things are
6   in the Weston house.
7           THE COURT:   Yes.
8           MS. BRUNO:   So, if he -- if your -- if
9   your listing it as his assets and you're giving
10  to him his assets, it appears that the -- that
11  this is divided -- you're giving it both to the
12  husband and to the wife. That's what concerns
13  me, Your Honor.
14          THE COURT:   Well, I thought when you said
15  remaining assets maybe it's too subtle. Because
16  the way you're reading it, you're reading it, the
17  defendant shall retain all assets in his name.
18  You're not giving any meaning to the word
19  remaining.
20          MS. BRUNO:   But, Your Honor, it may be my
21  misapprehension. But, it seems to me, if you're
22  listing the defendant's remaining assets are
23  listed as. And then we go down to --
24          THE COURT:   -- No, no, what do you mean
25  remaining? I'm looking at paragraph six of the
26  orders which is on page six. The defendant shall
27  retain all remaining assets in his name.

1      MS. BRUNO:      The exact words that you
2  used, Your Honor, on -- on both page three and
3  page six, are remaining assets are listed.  The
4  defendant shall retain all remaining assets.
5      THE COURT:      What are you talking about
6  page three?
7      MS. BRUNO:      The page that we just talked
8  about, Your Honor, where you listed his remaining
9  assets.
10     THE COURT:      Yes.
11     MS. BRUNO:      Okay.  Arts, antiques and
12 sculpture.  And then on page six, you said, the
13 defendant shall retain all remaining assets in
14 his name.
15     THE COURT:      But, the remaining in page
16 three is in a different context.  The remaining
17 that is left in page three was after I enumerated
18 some real estate and some cash items or some
19 liquid items.  No?
20     MS. BRUNO:      Your Honor, if that's the way
21 you see it, that's fine.
22     THE COURT:      Well -- I mean --
23     MS. BRUNO:      I -- I don't read it the same
24 way, Your Honor.  But, that's why I asked for a
25 clarification.
26     THE COURT:      Well, I suppose I can write
27 it.  I mean, I -- if it's not that clear I can

```
 1    make it more clear.  But, that was what I
 2    intended.
 3         MS. BRUNO:     Could you write it, Your
 4    Honor.
 5         THE COURT:     I will.
 6         MS. BRUNO:     Thank you.
 7         THE COURT:     I will because -- I will.
 8         MS. BRUNO:     Thank you, Your Honor.
 9         THE COURT:     I don't -- I mean, I don't
10    think the other Motion needs an articulation
11    about the earning capacity.  But, I'll take the
12    papers on both.
13         MS. BRUNO:     Thank you.
14         THE COURT:     Let me --
15         MS. CONLON:    Thank you, Your Honor.
16         THE COURT:     Let me think about it.  But,
17    it's a wise lawyer that doesn't have anything to
18    say when it's not necessary.
19         MS. BRUNO:     That's right, Your Honor.
20         THE COURT:     Okay.
21         MS. CONLON:    Thank you, Your Honor.
22         THE COURT:     All right.
23              *         *         *
24
25
26
27
```

| | | |
|---|---|---|
| FA-064010407S | : | SUPERIOR COURT |
| CRUM, RANDI | : | JD STAMFORD/NORWALK |
| VS | : | AT STAMFORD |
| CRUM, RALPH | : | May 12, 2008 |

### C E R T I F I C A T I O N

I hereby certify that the foregoing is a true and accurate recorded transcript, to the best of my ability, held in the above-entitled matter heard before the Honorable Dennis Harrigan, Judge at Superior Court in Stamford, Connecticut on the 12th day of May, 2008. Dated the 25th of August, 2008, at Stamford, Connecticut.

LISA FRANCHINA

COURT RECORDING MONITOR