Coleman Young, Esq.
TEMPLETON, SMITHEE, HAYES
  HEINRICH & RUSSELL, L.L.P.
320 S. Polk, Suite 1000
P. O. Box 15010
Amarillo, Texas 79105
(806) 324-0324 – Telephone
(806) 379-8568 – Telecopy
ATTORNEY FOR RANDI L. CRUM

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| RALPH LYLE CRUM, | § | CASE NO.2-08-20297-RLJ-7 |
| | § | Hearing Set for September 11, 2008 |
| DEBTOR. | § | at 1:30 p.m. |

## RANDI L. CRUM'S SUPPLEMENTAL OBJECTIONS TO
## DEBTOR'S AMENDED CLAIMED EXEMPTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

 COMES NOW Randi L. Crum, a creditor and party in interest in the above referenced bankruptcy proceeding and files this her Supplemental Objections to Debtor's Amended Claimed Exemptions. In support of these objections Randi Crum would show the Court as follows:

 1. Debtor filed for relief under Chapter 7 of the United States Bankruptcy Code on May 30, 2008.

 2. This Court has jurisdiction over the subject matter of this Objections pursuant to 28 U.S.C. § 1334. The matter is core pursuant to 28 U.S.C. § 157(b)(2)(B).

 3. Debtor has claimed his amended exemptions under Federal Law. He filed Amended Exemptions on November 3, 2008.

 4. The Debtor has claimed a $20,200 exemption in real property located at 25 Fanton Hill Road, Weston, Connecticut. However, on April 8, 2008, the Memorandum of Decision of the

Superior Court, Judicial District of Stanford, in Cause No. FST FA 06 4010407, styled *Randi Crum v. Ralph Crum*, held that, "The defendant's (Debtor's) interest in 25 Fanton Hill Road, Weston, Connecticut is awarded to the plaintiff (Randi Crum)." Therefore the Debtor has no ownership interest in the property to claim as exempt. Moreover, the Debtor does not live in the Fanton Hill property, so any interest which he might claim as exempt could only be claimed for the benefit of his children, as his dependents, who continue to reside in the property. The Debtor can not use the exemption to benefit himself to the detriment of his children who live in the property. A copy of the Memorandum of Decision is attached as an exhibit.

5.    The April 8, 2008, Memorandum of Decision provided that the plaintiff (Randi Crum) was to pay the Defendant (the Debtor) $150,000, due one year from the date of judgment. However, this is a claim for money, which is not exempt under 11 U.S.C. § 522(d)(1). Part of these monies may be claimed as exempt as part of the Debtor's omnibus exemption under 11 U.S.C. § 522 (d)(5), but the total amount of that exemption is limited to $11,200.00 ($1,075 plus up to another $10,125 if no claim for exemption under § 522(d)(1) is made), and the Debtor has already used $7,895 of this exemption on a 2004 Jeep Wrangler. The Debtor has made a separate claim of exemption for $3,305 out of the $150,000 to be paid to him under the divorce decree under 11 U.S.C. § 522(d)(5); however, the Debtor cannot make a claim for an exemption of $20,200 under § 522(d)(1), and claim this exemzption under § 522(d)(5).

6.    As evidenced by the Memorandum of Decision, the Debtor owes Randi Crum and their children a domestic support obligation which is excepted from any exemption claimed by the Debtor. Specifically, although the Debtor may be able to exempt properties under 11 U.S.C. § 522(d) from his general creditors, under 11 U.S.C. § 522(c)(1) all those exemptions are not effective to eliminate the liability of the any of the Debtor's properties from the payment of the domestic

support obligations owed by the Debtor to Randi Crum and their children. This exception to the Debtor's exemptions pertains to all his properties, including any interest in IRA's, and in the proceeds of any claim he may assert against Group SAMA Internacional for its alleged misrepresentation that his investment with that company would qualify as an IRA.

7. The Debtor has claimed an exemption of $254,902.04 in a Group SAMA Internacional IRA. However, the Group SAMA account is not an IRA or other qualified account which may be claimed as exempt under 11 U.S.C. § 522 (d)(10)(E) or § 522(d)(12), and is not excludable from the Debtor's estate under 11 U.S.C. § 541(c)(2).

8. The Debtor has claimed $11,000 in proceeds from his Fidelity IRA as exempt. However, since those proceeds were not rolled-over or reinvested into another qualified IRA within the 60-day period provided by law, they are not exempt and may be recovered by the Trustee for the benefit of the estate.

WHEREFORE, PREMISES CONSIDERED, Randi Crum prays that upon hearing the Court will deny and limit the exemptions claimed by the Debtor as set forth above.

Respectfully submitted,

/s/ Coleman Young
Coleman Young
State Bar No. 22174200
TEMPLETON, SMITHEE, HAYES,
  HEINRICH & RUSSELL, L.L.P.
320 S. Polk, Suite 1000
P. O. Box 15010
Amarillo, Texas  79101
Telephone No.  806/324-0324
Telecopy No.   806/379-8568

ATTORNEY FOR RANDI L. CRUM

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the above and foregoing instrument was served upon the following this 21st day of November, 2008, addressed as follows:

| | |
|---|---|
| Mr. Van Northern<br>NORTHERN LAW FIRM<br>112 W. 8th Street, Suite 400<br>Amarillo, Texas 79101 | Via Electronic Notice ☒<br>Certified Mail, Return Receipt Requested ☐<br>United States Regular Mail ☐<br>Overnight Mail ☐<br>Via Facsimile Transmission ☐<br>Via Hand-Delivery ☐ |
| Mr. Kent David Ries<br>600 S. Tyler, Suite 1300<br>Box 12058<br>Amarillo, Texas 79101 | Via Electronic Notice ☒<br>Certified Mail, Return Receipt Requested ☐<br>United States Regular Mail ☐<br>Overnight Mail ☐<br>Via Facsimile Transmission ☐<br>Via Hand-Delivery ☐ |
| United States Trustee<br>1100 Commerce Street, Room 976<br>Dallas, Texas 75242-1496 | Via Electronic Notice ☒<br>Certified Mail, Return Receipt Requested ☐<br>United States Regular Mail ☐<br>Overnight Mail ☐<br>Via Facsimile Transmission ☐<br>Via Hand-Delivery ☐ |

                                              /s/ Coleman Young
                                              Coleman Young