Kent Ries
State Bar No. 16914050
600 S. Tyler, Box 12058
1300 Chase Tower
Amarillo, Texas 79101
(806) 242-7437
(806) 242-7440 – Fax

COUNSEL FOR TRUSTEE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **RALPH LYLE CRUM,** | § | Case No. 08-20297-RLJ-7 |
| | § | |
| **Debtor.** | § | |

### TRUSTEE'S BRIEF IN SUPPORT OF HIS FIRST AMENDED OBJECTION TO DEBTOR'S AMENDED CLAIMED EXEMPTIONS

TO THE HONORABLE ROBERT L. JONES, BANKRUPTCY JUDGE:

COMES NOW, Kent Ries, Trustee ("Trustee") of the referenced Chapter 7 bankruptcy estate, and files this his Brief in Support of His First Amended Objection to Debtor's Amended Claimed Exemptions. In support of his objections, Trustee would respectfully show unto the Court as follows:

**A.    Underlying facts and issue on the SAMA account.**

1.    The Debtor has claimed account number 10673534 at SAMA Internacional, G.S.S.A. ("SAMA") in the amount of $254,902.04 as exempt under multiple subsections of 11 U.S.C. § 522 and 29 U.S.C. § 1056(d). However, the Debtor has stipulated that the SAMA account in which the $254,902.04 is invested is not an IRA account, or an otherwise "qualified" IRS account, as can be claimed as exempt, without a showing of other circumstances or law. Stipulation paragraph 3. The question of whether such a circumstance exists is the primary issue presented to the Court.

2. The Debtor withdrew $97,307.83 from one qualified account on April 29, 2008 and $157,594.21 from another qualified account on April 26, 2008. Stipulation paragraph 5. The parties have stipulated that the Debtor withdrew the $254,902.04 from his qualified accounts in April, 2008, and that he was attempting to rollover those funds into a qualified IRA account. Stipulation paragraph 4. These two checks were the source of the $254,902.04 presently in the SAMA account. Stipulation paragraph 5. The parties further stipulated that the SAMA account is not an exempt IRA or otherwise qualified IRS account. Stipulation paragraphs 3 and 4.

3. The date of the deposit of $254,902.04 in the SAMA account was May 29, 2008. Stipulation paragraph 5. The Debtor filed his Chapter 7 case on May 30, 2008. The parties stipulate that federal law allows a debtor 60 days after taking a distribution (in this case April 26, 2008 and April 29, 2008 as described above) from an IRA to roll these funds into another IRA to avoid losing their exempt status. Stipulation paragraph 5.

4. The bankruptcy filing occurred during the rollover time period, and that rollover time period has now passed post-petition, without a qualified rollover.

**B.** **Underlying facts and issues on the Fidelity IRA.**

5. The parties also stipulated that the Debtor withdrew $13,000.00 from his Fidelity IRA on May 15, 2008, 15 days before his filing date, and used these funds as a gift. Stipulation paragraph 9. The Debtor has claimed $11,000.00 of that amount as exempt under various subsections of 11 U.S.C. § 522.

6. The issue in the Fidelity matter is whether a Debtor can claim property as exempt once he has transferred that property to a third party.

**C.** **Arguments on the SAMA account.**

7. The Debtor has first claimed that the SAMA account is exempt because it is not an asset of his bankruptcy estate under 1 U.S.C. § 541(c)(2), Patterson v. Shumate, 112 S.Ct. 2242 (1992), and 29 U.S.C. § 1056(d). However, the Supreme Court in Patterson specifically held that a Debtor's interest in an IRA could not be excluded from property of a bankruptcy estate under § 541. The Supreme Court reaffirmed its decision in Patterson in Roussey v. Jacoway, 125 S.Ct. 1561, 1566 (2004) when the Court held that if IRA's are to be exempted, they must be claimed as exempt under 11 U.S.C. § 522(d)(10)(E). Therefore, the Debtor's cannot argue that the SAMA account is not property of the estate. The Supreme Court has ruled that IRA's are property of the estate and must be properly claimed as exempt to be retained by the Debtor, like any other property of the estate.

8. The Debtor next claims the SAMA account as exempt under 11 U.S.C. § 522(d)(12) as well as 11 U.S.C. § 522(d)(10)(E). However, under the analysis below, there is no difference between these claims in this case. A key difference between the two provisions is 11 U.S.C. § 522(d)(10)(E)'s amount limitation "to the extent reasonably necessary for the support of the debtor and any dependent of the debtor." However, tthe Trustee makes no such objection on the basis of the amount of the SAMA account.

9. The Debtor's next claim is that the SAMA account should be treated as exempt since when he filed his bankruptcy proceeding he was still within the 60 days allowed to rollover the funds into an IRA to preserve his bankruptcy exemption. The argument initially fails because once the funds were withdrawn by the Debtor from his prior IRA's, they immediately lost their tax-exempt status. At the time of the withdrawal, the funds were proceeds of an IRA, not an IRA account. Proceeds are not tax exempt, thus they are not exempt in bankruptcy.

<u>Welander v. CIR</u>, 92 T.C. 866, (U.S. Tax Ct. 1989). As the Court explained, "the general rule is that IRA distributions are taxable in the year received. Section 408(d)(1). An exception to this rule is effective when the distribution is rolled over into another IRA within 60 days. This exception only applies if the distribution is actually PAID into another account. Section 408(d)(3)(A). If the distribution is not paid into another account, then the exception never applies and the general rule prevails." See also <u>In Re Dereve,</u> 381 B.R. 309 (N.D. Fla. 2007), which specifically adopts the <u>Welander</u> courts reasoning, at 327. Thus, when the Debtor took the distribution from his IRA's, the proceeds immediately became taxable and lost their exempt status, subject only to an exception if the funds were rolled over into another qualified account within the allowed 60 day period. By stipulation, a rollover did not occur in this case. Therefore, those funds became non-exempt proceeds in April, 2008 when they were distributed to the Debtor, and they remained non-exempt assets when they were deposited in a bank account just before the Debtor's bankruptcy was filed.

10. The Debtor's next claim is that under 11 U.S.C. § 522(b)(4)(D), rollover distributions may be claimed as exempt if they are rolled over during the 60-day interval permitted by law under either 26 U.S.C. § 402(c). However, §522(b)(4)(D) provides no basis for claiming an exemption for an IRA distribution which has not been rolled over into a qualified account within the 60-day period. By failing to rollover the proceeds within the 60-day requirement, § 522(b)(4)(D) in inapplicable and the funds forever lost their exempt status.

11. The Debtor's final claim is that since he was still within the 60-day period for rolling over the IRA proceeds when he filed his bankruptcy case that he did not need to comply with the 60-day requirement. The "snapshot" view of exemptions is a general rule, but it is inapplicable in this case. The Debtor's failure to timely rollover the funds within the 60-day

period, even after the filing of his bankruptcy, removed any question as to the funds' exempt status. In In re Zibman, 268 F.3d 298 (5th Cir. 2001) the Fifth Circuit dealt with the Texas 6-month exemption for the proceeds from the sale of a homestead and held that when a law provides for the proceeds of exempt property to remain exempt for a specific period of time to allow the funds to be reinvested, the filing of a bankruptcy petition will not expurgate that deadline. The Court further held the failure of the Debtor, even after the filing of his bankruptcy petition, to reinvest the proceeds as required by the statute will cause the exemption to be lost. Id., at 305. The policy enunciated by the Fifth Circuit for homestead proceeds applies equally to the requirement that the proceeds of an IRA must be rolled over into another IRA within 60 days. Specifically, the Fifth Circuit observed that the objective of the Texas homestead proceeds exemption was to provide an asylum for families from creditors when they sold their home with the intention of reinvesting those proceeds in another homestead, and was not to protect the proceeds, in and of themselves. Id. at 305. Failure to enforce that policy would effectively read the 6 month limitation out of the statute, and transform a limited exemption into a permanent one. Id. at 304. Similarly, the purpose of the 60 day requirement is to allow retirement funds to be reinvested from one qualified account to another without the loss of the funds' qualification. However, if the intervention of a bankruptcy proceeding would allow the funds to retain their exempt status without reinvestment of the funds within the 60-day time period required by law, this would transform the rollover law into a protection of the proceeds themselves, and a permanent protection at that. The Fifth Circuit rejected such an application of exemption law in Zibman, holding instead that since the proceeds there had not been reinvested within the time period allowed, the claim of exemption had been lost. Following the decision in Zibman, this Court should reject any similar argument by the Debtor here.

**D.    Arguments on the Fidelity IRA.**

12.    The Debtor distributed $11,000 out of his Fidelity IRA on May 15, 2008 and paid these funds to his fiancé, Trudy Herrmann-Hall.  However, because the funds were transferred and not timely rolled over in an IRA, those funds were not exempt, as above.  When proceeds of exempt property are transferred and not reinvested back into exempt property within the time allowed by the law, then the transferred proceeds themselves constitute non-exempt assets of the estate, and they are subject to recovery by the Trustee for the benefit of the estate and its creditors.  In re Jones, 327 B.R. 297, 302 (Bankr. S.D. Tex. 2005).

13.    Further, since these Fidelity IRA proceeds were not even owned by the Debtor at the time he filed his bankruptcy case, he cannot claim them as exempt under 11 U.S.C. § 541.  Thus proceeds were simply not property of the bankruptcy estate.

WHEREFORE, PREMISES CONSIDERED, Trustee prays that the Court deny the exemptions claimed by the Debtor as set forth above.

> Respectfully submitted,
>
> Kent Ries, Attorney at Law
> 600 S. Tyler, Box 12058
> 1300 Chase Tower
> Amarillo, Texas 79101
> (806) 242-7437
> (806) 242-7440-Fax
>
> By:  /s/  Kent Ries
>         Kent Ries
>         State Bar No. 1691450
>
> COUNSEL FOR TRUSTEE

## CERTIFICATE OF SERVICE

I certify that on the 21st day of November, 2008, a true and correct copy of the foregoing Brief in Support of His First Amended Objection to Debtor's Amended Claimed Exemptions was sent either electronically or mailed in the United States mail, postage prepaid, to the parties listed on the attached mailing matrix:

/s/   Kent Ries
Kent Ries

```
Label Matrix for local noticing          U.S. Attorney                              U.S. Attorney General
0539-2                                   1100 Commerce, 3rd Floor                   Department of Justice
Case 08-20297-rlj7                       Dallas, TX 75242-1074                      Washington, DC 20001
Northern District of Texas
Amarillo
Fri Jul 25 13:49:06 CDT 2008

624 S. Polk , Suite 100                  AT&T Mobility                              (p)AMERICAN HONDA FINANCE
Amarillo, TX 79101-2320                  P.O. Box 650553                            P O BOX 168088
                                         Dallas, TX 75265-0553                      IRVING TX 75016-8088


Amex                                     Armstrong Moving & Storage                 Arturo Carillo Medical Services, LP
P.O. Box 297871                          2401 Double Creek Drive                    1911 Port Lane
Fort Lauderdale, FL 33329-7871           Round Rock, TX 78664-3806                  Amarillo, TX 79106-2470


Aspen Collection                         Attorney-In-Charge                         Bank Of America
P.O. Box 5129                            Office of the United States Attorney       Pob 17054
Spring Hill, FL 34611-5129               500 S. Taylor, Lobby Box 238               Wilmington, DE 19884-0001
                                         Amarillo, TX 79101-2446


Bank of America                          Chase                                      Chase Business Cardmember Service
P.O. Box 15714                           800 Brooksedge Blvd                        P.O. Box 94104
Wilmington, DE 19886-5714                Westerville, OH 43081-2822                 Palatine, IL 60094-4104


Comptroller of Public Accounts           Financial Recovery Services                Fred Siegel, Esq.
Taxation Division Bankruptcy             P.O. Box 385908                            1281 East Main Street
P.O. Box 12548                           Minneapolis, MN 55438-5908                 Holly Pond Plaza
Austin, TX 78711-2548                                                               Stamford, CT 06902-3544


GE Capital                               Goldfarb & Ajello Court Reporting          Hartley Hampton
P.O. Box 740441                          24 East Ave.                               Attorney at Law
Atlanta, GA 30374-0441                   Box 1372                                   Five Houston Center
                                         New Canaan, CT 06840-5529                  1401 McKinney, Suite 1800
                                                                                    Houston, TX 77010-4037


Helen Bruno, Esq.                        Home Coming Funding Ne                     Homecomings Financial, LLC
112 Prospect Street                      2711 N Haskell Ave. Sw 1                   c/o Pite Duncan, LLP
Stamford, CT 06901-1207                  Dallas, TX 75204-2911                      525 East Main Street
                                                                                    P.O. Box 12289
                                                                                    El Cajon, CA 92022-2289


Internal Revenue Service                 Lu Ann Weldon, MSHA, RN, CPC                New Life Bariatrics
Special Procedures Branch                Professional Healthcare Management, LLC    1911 Port Lane
Bankruptcy Section, Mail Code 5020-DAL   1800 W. Cherry Ave.                        Amarillo, TX 79106-2470
1100 Commerce Street                     Amarillo, TX 79108-0703
Dallas, TX 75242-1001


Peter M. Dreyer                          Randi Crum                                 Randi L. Crum
Siver Golub & Teitell, LLP               25 Fanton Hill Road                        c/o Coleman Young
Post Office Box 389                      Weston, CT 06883-2406                      Templeton Law Firm
Stamford, CT 06904-0389                                                             P. O. Box 15010
                                                                                    Amarillo, TX 79105-5010
```

| | | |
|---|---|---|
| Ruth S. Vidauri<br>Wells Fargo SBA Lending<br>4406 Piedras Dr. West, Ste 100<br>San Antonio, TX 78228-1207 | Tascosa Office Machines<br>1005 W. 8th Street<br>Amarillo, TX 79101-2011 | Texas Workforce Commission<br>101 E. 15th Street<br>Austin, TX 78778-0001 |
| Tooher & Wocl, LLC<br>80 Fourth Street<br>Stamford, CT 06905-5009 | Tooher & Wocl, LLC<br>80th Fourth Street<br>Stamford, CT 06905 | United Collection Bureau, Inc.<br>P.O. Box 1117<br>Maumee, OH 43537-8117 |
| Vzw Ne<br>Natinal Recovery D<br>Folsom, CA 95630 | Wells Fargo Bank<br>Amarillo Dowtown Business Banking<br>905 S. Fillmore<br>Amarillo, TX 79101-3540 | Willows Pediatric Group<br>1563 Post Road East<br>Westport, CT 06880-5602 |
| Kent David Ries<br>600 S. Tyler, Suite 1300<br>Box 12058<br>Amarillo, TX 79101-2353 | Ralph Lyle Crum<br>7003 Covenant Lane<br>Amarillo, TX 79109-6880 | UST U.S. Trustee<br>1100 Commerce Street<br>Room 976<br>Dallas, TX 75242-1011 |
| Van W. Northern<br>Northern Law Firm<br>112 W. 8th Street, Suite 400<br>Amarillo, TX 79101-2314 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

American Honda Finance
600 Kelly Way
Holyoke, MA 01040

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Homecomings Financial, LLC | (d)Amex<br>Po Box 297871<br>Fort Lauderdale, FL 33329-7871 | (d)Randi L. Crum<br>c/o Coleman Young<br>Templeton Law Firm<br>P. O. Box 15010<br>Amarillo, TX 79105-5010 |

End of Label Matrix
Mailable recipients    42
Bypassed recipients     3
Total                  45