Van W. Northern
NORTHERN LAW FIRM
112 W. 8th Ave., Suite 400
Amarillo, Texas 79101
SBN: 15101100
(806) 374-2266, (806) 374-9535 FAX
ATTORNEY FOR RALPH LYLE CRUM

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| | § | |
| **RALPH LYLE CRUM,** | § | Case No. 08-20297-RLJ-7 |
| | § | |
| Defendants. | § | |

### DEBTOR RALPH CRUM'S BRIEF IN OPPOSITION TO TRUSTEE'S AND RANDI CRUM'S OBJECTIONS TO EXEMPTIONS

COMES NOW, Ralph Crum, Debtor in the above styled and numbered cause, in support of his Amended Exemptions, (Schedule C) filed herein on November 2, 2008, (Document 55 on the Pacer Docket) and in opposition to the Objections To Objections of the Interim Trustee, Kent Ries and Randy Crum thereto, would show the Court as follows:

1. The parties named above filed Joint Stipulations as to the facts, and certain legal conclusions on November 6, 2008, in order to facilitate the Court's ruling on certain exemptions asserted by Debtor, which are contested by Debtor's ex-wife, Randi Crum, and Kent Ries, Interim Trustee. (The Joint Stipulations were filed herein on November 6, 2008, Document 58 on the Pacer Docket, which are incorporated fully herein) References to numbered paragraphs in the Joint Stipulations are made below with the designation "JS", followed by the relevant paragraph number.

2. The Objections to Exemptions for Randi Crum are not identical to those of Kent Ries, and will be dealt with separately herein below, whenever possible. References to Randi Crum's Objections to Exemptions are made below with the designation "RCOE"; and to Kent Ries' Objections to Exemptions as "KROE", followed by the relevant paragraph number.

3. Broadly speaking, the Trustee has objected to exemption of certain funds that are agreed by the parties to be directly traceable to indisputably exempt Individual Retirement Account (hereafter "IRA") funds, (JS para 3) which had been withdrawn by Debtor less than sixty days prior to filing bankruptcy, (JS para 4) during the period in which a person is allowed to roll over such funds into another qualified IRA account, without suffering IRS penalties for prohibited pre-retirement withdrawal, and also maintaining exemption from claims of creditors. (JS para 5). Unfortunately, Debtor Ralph Crum placed $254,902.04 of these qualified IRA funds into what he discovered *post-bankruptcy* to be a non-qualified fund in Costa Rica, based on the specific representation by the Costa Rican brokerage house (known as Group SAMA), that such funds were in fact a qualified IRA. (JS para 4). It is Debtor's position *inter alia,* that the funds are exempt nevertheless because their exempt status must be determined as of the date of filing bankruptcy, when Debtor still had approximately thirty days left to roll over the funds into a qualified IRA account. (JS para 4). It is apparently the Trustee's and Randi Crum's position that the Court can look forward after the filing of the bankruptcy and determine that the Costa Rican funds are not entitled to exemption, because they were not in fact rolled over into exempt IRA funds within 60 days of their withdrawal from the undisputed IRA's which existed prior to Dr. Crum's bankruptcy. Although Randi Crum essentially agrees with the Trustee's position, she also asserts that she has a kind of "super lien" on these funds based on a Connecticut Divorce Court's order that Dr. Crum must pay $12,000.00 per month to her for "child support/alimony", so that even if these funds are exempt from the claims of creditors generally, they are not exempt from any claim she has for child support or alimony.

## ARGUMENT AND AUTHORITIES

4. A debtor in voluntary bankruptcy may amend any schedule, including Schedule C for exempt property "at any time before the case is closed." Rule 1009, FRBP. In this case, the record reflects that Debtor amended his Schedule C exemptions on November 4, 2008.

5. Debtor filed his original exemptions on schedule C, claiming Texas exemptions on June 16, 2008. (Doc 9).

6. Thereafter Debtor amended his schedules claiming federal exemptions after the Trustee and Randi Crum objected to the June 16, 2008 exemptions. (Doc 29)

7. Upon objection by Ries and Randi Crum to Debtor's June 16, 2008 federal exemptions, Debtor amended Schedule C a second time, on November 2, 2008, still claiming federal exemptions, but expanding the number and kind of protection available. (A true copy of the Amended Schedule C (Document 55 on the Pacer Docket) is attached hereto as Exhibit "A") Therein, Dr. Crum presents a litany of statutory and common law bases for protecting his IRA proceeds, and other personal property, which are incorporated herein for all purposes.

Debtor also filed Responses to the Trustee's and Randi Crum's Objections to Exemptions on August 27, 2008, which set forth or explained additional grounds for his Schedule C exemptions (Documents 26 and 28 on the Pacer Docket). Those responses and arguments are attached hereto, as Exhibits B and C, and incorporated herein as if set forth at length). However, all of Debtor's claimed and available bases set forth in Schedule C and Debtor's Response to Objections will not be discussed in this brief. Rather, the focus shall be on those set forth below, without any intention of waiving the other bases presented in the Amended Schedule C

8. In the last filed Schedule C by Debtor, the status quo on exemptions claimed, and objections thereto, may be summarized as follows:

a.   A $20,000.00 exemption for a dependent's (Debtor's two son's) residence in Connecticut, under 11 U.S.C., Section 522 (d) (1)

b.   A $254,902.04 exemption of the funds deposited in Group SAMA on May 29, 2008 (one day prior to filing bankruptcy), just after withdrawing the funds in April 29, 2008 from an undisputed, qualified IRA, under 11 U.S.C. Section 522 (d) (12), and numerous other statutes and bankruptcy code sections.

c.   $11,000.00 proceeds from an undisputed Fidelity IRA fund.

d.   A $3,305.00 "wild card" exemption under 11 U.S.C. Section 522 (d) (5), consisting of a portion of the $150,000.00 equity awarded Debtor by the Connecticut divorce decree, out of the Court order sale of the homestead of Debtor and ex-wife Randi Crum.

e.   $38,380.64 in a Fidelity Retirement Account, (previously contained in an employee stock ownership plan) which is not disputed by the Trustee, but is disputed by ex-wife Randi Crum, as against her alimony/child support claims only, not against creditors generally. See *In re Kane*, 336 B.R. 575 (Fla. S.D. 2006), holding that funds that Debtor rolled over, prior to his Chapter 7 filing, from ESOP to his individual retirement account would have been excluded from "property of the estate" even had this rollover never occurred, so that Debtor's pre-petition conduct in rolling over funds did not operate to destroy the exemption.

f.   A $254,902.04 exemption (or exclusion from the estate) of Debtor Ralph Crum's claims against Group SAMA for negligence, fraud, breach of fiduciary duty.

9.   Numerous Court decisions, both state and federal, have struggled with the question of how to determine the applicability of exemptions, where, as here, the passage of time may impact or change the characterization or nature of the property itself. See *In re Gibson*, 300 B.R. 866 (Md. D.Ct. 2003), overruling the bankruptcy court, and applying Maryland law, in order to hold that the exempt status of debtor's interest in tax-exempt retirement account did not expire immediately upon distribution of account funds to debtor, or when debtor had still not rolled over funds into a tax-exempt IRA as of the date of her Chapter 13 filing, but remained in effect pending roll over into IRA within the sixty day time period provided under the Internal

Revenue Code for tax payer to roll over funds without forfeiting their tax exempt status. The *Gibson* decision relied heavily on precedent from the Forth Circuit Court of Appeals that reasoned that funds withdrawn from a qualified retirement plan are entitled to tax exempt status for a period of sixty days. *In re Solomon*, 67 F.3d 1128, 1133 (4th Cir. 1995), indicating that "our holding today is consistent with the treatment accorded IRA's by the Internal Revenue Code." The only difference between the Gibson case, and the present case is that Debtor Ralph Crum did not roll his funds over into a qualified IRA account during the sixty day period, because he did not discover that the funds were not deposited into a qualified account until approximately two weeks before the filing of the Joint Stipulations on November 6, 2008 (J.S para 4). Finally, the *Gibson* court reasoned that "[T]he question for the court is not, as Appellant argues, whether the funds lost their exemption status by being deposited into a non-qualified account. Rather, the issue is whether the funds were entitled to the same protection from creditors in bankruptcy as that afforded that outside bankruptcy under the Internal Revenue Code." *Gibson at 869*.

Dr. Crum argues that this Court should follow *Gibson*, as well as established precedent that the availability of an exemption is established at the time the bankruptcy is filed, not by any conduct or occurrence (such as the expiration of the sixty day safe haven rollover period) after the bankruptcy is filed. See *In re Zibman*, 268 F.3d 298, 302 (5th Cir. 2001), citing *White v. Stump*, 266 U.S. 310, 312, 45 S.Ct. 103, 69 L.Ed. 301 (1924), for the proposition that the Bankruptcy Code makes the state laws existing when the petition is filed the measure of the right to exemptions. Although Debtor recognizes that the result in *Zibman* was the loss of the homestead proceeds, Dr. Crum argues that the principles of law applied here should protect and support his claim of exemptions to the IRA proceeds which he attempted to rollover into the Group SAMA fund.

It appears that *In re Zavala*, 366 B.R. 643 (Bankr. W.D. Tex 2007), is contrary to Debtor's position, since *Zavala* holds that the debtor lost her exemption in proceeds from the sale of an exempt homestead, to the extent that she did not reinvest them in a new homestead within six months of the sale. Therein, Judge

McGuire reasoned that the holding of *In re Zibman* by the 5th Circuit required his holding in *Zavala*. *Zavala* held that while the debtor's, who filed for bankruptcy relief less than six months after the sale of their homestead, were entitled to a Texas homestead exemption in proceeds as of the petition date, that exemption could not exceed that to which they would have been entitled under state law had no bankruptcy petition been filed, and was subject to all of the limitations integral to the exemption under state law, including the requirement that the sales proceeds must be reinvested in another homestead within six months after the sale. *Zavala* at 652,653

The difference here is that Debtor attempted in good faith to deposit his funds in an exempt IRA fund, based on the (stipulated) misrepresentation of the Group SAMA broker, and did not discover the misrepresentation until approximately two weeks prior to the filing of the Joint Stipulations on November 6, 2008. The Court, as a court of equity should not punish Debtor for his reliance on the stipulated misrepresentations upon which he relied, on the eve of filing bankruptcy.

Also, Dr. Crum was not free to transfer or dispose of assets he claims as exempt, once the Trustee, or a creditor has provided notice of an objection to the claimed exemption, under penalty of fraud or contempt of court. This fact places debtor in the preverbal trap between a rock and a hard place. If he moves or disposes of the funds without the permission of the Trustee, creditor, and court, he risks the wrath of the court for interfering with property that is arguably non-exempt. On the other hand if he does not move the property upon discovery of its deposit into non-exempt funds, then he loses the exemption. Debtor argues that fairness and equity should allow him the protection of the exemption so that he may roll the funds over into an IRA, after filing the bankruptcy and discovery of the misrepresentation.

In the alternative, the Court should permit Dr. Crum's exemption of his claim against Group SAMA for negligence, misrepresentation and fraud in the amount of $254,902.00 based on the case of *Swift v. State Farm Life Ins Co*, 129F.3d 792 (5th Cir. 1997). There, a Chapter 7 debtor brought a state court action against the administrator of his Keogh retirement plan, alleging that the administrator was liable for the loss of his

bankruptcy exemption for his IRA under theories of negligence and breach of fiduciary. The debtor claimed exemption for this cause of action, and the 5th Circuit held under Texas statute exempting qualified retirement accounts from the bankruptcy estate that such exemptions were entitled to a liberal construction and scope, and therefore the exemption should be allowed. The *Swift* court specifically held as follows "Today, we hold that Swift's causes of action against State Farm to replace the lost IRA or exempt property." See Headnote 19, at page 801.

In the alternative, Debtor would show that such cause of action had not occurred at the time he filed bankruptcy, so that the cause of action is not part of the bankruptcy estate *Swift v. Seidler*, 198 B.R. 927 (Bankr. W.D. Texas 1996).

Debtor is entitled to rely on the Texas exemptions, based on the incorporation of same through 11 U.S.C. 522 (d) (10), which is specifically claimed by Debtor for all IRA funds, or proceeds thereof with respect to the Group SAMA funds, the Fidelity Retirement Account funds, the Fidelity IRA proceeds, the Wachovia SEP IRA account, and the Debtor's claim against Group SAMA International. It is said that a plan need not be tax-qualified for its funds to be exempt under Section 522 (d) (10) (E). See *In re Golff*, 706 F.2d 574, 587 (5th Cir., 1983). Tax-qualification is required only if the plan was established by or under the auspices of an insider with respect to the plan. No such allegation against Debtor Dr. Crum has been made. The Court may find that the Group SAMA fund into which Dr. Crum deposited his exempt IRA funds in fact qualifies for exemption under Section 522 (d) (10) (e), if the Court finds that the fund or plan is similar to a qualified IRA. Section 522 (d) does not specifically exempt the funds in a retirement plan. It exempts only "the debtor's right to receive a payment" under the plan. *In re Carmichae*, 100 F.3d 375 (5th Cir 1996).

This brief does not address Creditor Randi Crum's claim that his exemptions do not apply to an alimony or child support claim. However Debtor has responded to the objections filed, and denied same. Randi Crum has not set forth any basis in statute or case law to support her "super lien" position. Without such support or authority, it is difficult to respond with authorities. Debtor reserves the right to respond to any such

authorities, if Randi Crum presents same in its brief today. In any event, Debtor incorporates its response to those objections as if fully set forth at length.

WHEREFORE, PREMISES CONSIDERED, Debtor prays that the objections of the Trustee and Randi Crum be in all ways denied; that Debtor's Amended Schedule C be sustained in whole or in part; and for such relief at law and equity to which he may be justly entitled, including but not limited to his attorney's fees.

Respectfully submitted,

**NORTHERN LAW FIRM**
112 W. 8th Ave., Suite 400
Amarillo, Texas 79101
Tel. (806) 374-2266
Fax. (806) 374-9535

/s/ Van W. Northern
Van W. Northern
State Bar No. 15101100

*Attorney for Debtor*

Case No 08-20297; In re: Ralph L Crum
Debtor's Brief in Opposition to Trustee's and Randi Crum's Objections to Exemptions

Page 8

## CERTIFICATE OF SERVICE

The undersigned certifies that he has on the date shown below transmitted a true copy of the foregoing document to the following parties in interest by electronic notification via the court's electronic case filing system or by regular mail on the  21th  day of November , 2008:

Kent D. Ries
600 S. Tyler, Suite 1300
Box 12058
Amarillo, Texas 79101
*Chapter 7 Trustee*

Cole Young
Templeton, Smithee, Hayes,
          Heinrich & Russell, L.L.P.
P.O. Box 15010
Amarillo, Texas 79105

Eddie R. Jimenez
Pite Duncan, LLP
525 E. Main Street
P.O. Box 12289
El Cajon, California 92022-2289

U.S. Trustee
1100 Commerce Street, Room 9C60
Dallas, Texas 75242

/s/ Van W. Northern
Van W. Northern

B6C (Official Form 6C) (12/07)

In re   Ralph Lyle Crum , Case No. 08-20297
                    Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT - AMENDED

Debtor claims the exemptions to which debtor is entitled under:  ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                    $136,875
■ 11 U.S.C §522(b)(2)
☐ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property** Property located at 25 Fanton Hill Road, Weston, CT 06883 | 11 U.S.C. § 522(d)(1) Residence of dependent of Debtor | 20,200.00 | 1,100,000.00 |
| **Household Goods and Furnishings** Household Furniture and Furnishings (See attachments, principally bronze sun and moon sculpture with gold and silver) Location: 25 Fanton Hill Road, Weston, CT | 11 U.S.C § 522(d)(3) | 10,000.00 | 60,000.00 |
| **Wearing Apparel** Miscellaneous Clothing Location: 7003 Covenant Lane, Amarillo TX | 11 U.S.C. § 522(d)(3) | 100.00 | 100.00 |
| **Furs and Jewelry** Mavado Watch Location: 7003 Covenant Lane, Amarillo TX | 11 U.S.C § 522(d)(4) | 800.00 | 800.00 |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** | | | |
| Group Sama Internacional, G.S. S.A. IRA Account No. 10673534 in the name of Ralph Lyle Crum | 11 U.S.C. § 522(d)(12) 11 U.S.C. Sec 522(b)(3)(A), & (C); 11 U.S.C. Sec 522(b)(4)(B)(II); 11 U.S.C. Sec. 522(b)(4)(B)(i)&(ii)(II); 11 U.S.C Sec 522 (d)(12); 11 U.SC. Sec 522(b)(4)(D)(ii)(I) & (II). | 254,902.04 | 254,902.04 |
| | 11 U S C § 522(d)(10)(E) | 0.00 | |
| | 29 U.S.C.A. § 1056(d) | 0.00 | |
| | 11 U.S.C § 522(b)(3)(C) Patterson v Shumate, 504 U.S. 753. Not properly part of the estate. Rousey v. Jacoway, 161 L.Ed 2d 563. | 0.00 | |
| | 11 U S.C. Sec 522(b)(3); 29 USCA Sec 1056(d); 11 U S C Sec 522(d)(10)(E) | 0.00 | |
| Fidelity Retirement Account No. 139913995 in the name of Ralph L Crum | 11 U.S.C. § 522(d)(12) Patterson v Shumate, 504 U.S. 753. Not properly part of the estate Rousey v. Jacoway, 161 L.Ed 2d 563 | 38,080.64 | 38,080.64 |
| | 11 U S.C § 522(d)(10)(E) | 0.00 | |
| | 29 U.S.C.A § 1056(d) | 0.00 | |
| | 11 U.S.C § 522(b)(3)(C) | 0.00 | |
| | 11 U.S.C. Sec 522(d)(12); 29 USCA Sec 1056(d); 11 U.S.C Sec 522(b)(3) | 0.00 | |
| Wachovia SEP IRA Account No. 2790-9071 in the name of Ralph Crum | 11 U.S.C § 522(d)(12) | 79.58 | 79.58 |
| | 11 U.S.C § 522(d)(10)(E) | 0.00 | |
| | 29 U.S.C.A § 1056(d) | 0.00 | |
| | 11 U.S.C § 522(b)(3)(B) Patterson v. Shumate, 504 U.S. 753. Not property part of the estate Rousey v. Jacoway, 161 L Ed 2d 563 | 0.00 | |



___1___ continuation sheets attached to Schedule of Property Claimed as Exempt

Copyright (c) 1996-2008 - Best Case Solutions - Evanston IL - (800) 492-8037                                      Best Case Bankruptcy

B6C (Official Form 6C) (12/07) -- Cont

In re  Ralph Lyle Crum , Case No. 08-20297
Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT - AMENDED
(Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| Fidelity IRA Proceeds | 11 U.S.C § 522(d)(12)<br>11 U.S.C § 522(d)(10)(E)<br>29 U.S.C.A. § 1056(d)<br>11 U.S.C § 522(b)(3)(B) Patterson v. Shumate, 504 U.S. 753. Not properly part of the estate. Rousey v. Jacoway, 161 L Ed 2d 563 | 11,000.00<br>0.00<br>0.00<br>0.00 | 11,000.00 |
| **Other Contingent and Unliquidated Claims of Every Nature**<br>Negligence, breach of contract, breach of fiduciary duty against group SAMA Internacional, G.S. S.A | 11 U.S.C § 522(b)(3)(C) Swift v. State Farm Life Ins Co., 129 F 3d 792 (5th Cir 1997); 11 U.S.C Sec 522(b)(3)(A), & (C); 11 U.S.C. Sec 522(b)(4)(B)(II); 11 U.S.C. Sec. 522(b)(4)(B)(i)&(ii)(II); 11 U.S.C. Sec 522 (d)(12); 11 U SC Sec 522(b)(4)(D)(ii)(I) & (II) | 254,902.00 | 254,902.00 |
| **Automobiles, Trucks, Trailers, and Other Vehicles**<br>2004 Jeep Wrangler Rubicon (30,000 miles)<br>Location: 7003 Covenant Lane, Amarillo TX | 11 U.S.C § 522(d)(2)<br>11 U.S.C § 522(d)(5) | 3,225.00<br>7,895.00 | 11,120.00 |
| **Other Personal Property of Any Kind Not Already Listed**<br>Divorce Decree award of $150,000.00 | 11 U.S.C § 522(d)(5) | 3,305.00 | 150,000.00 |

Total: 604,489.26   1,880,984.26

Sheet  1  of  1  continuation sheets attached to the Schedule of Property Claimed as Exempt

Copyright (c) 1996-2008 - Best Case Solutions - Evanston IL - (800) 492-8037                                                                      Best Case Bankruptcy

Van W. Northern
NORTHERN LAW FIRM
112 W 8th Ave., Suite 400
Amarillo, Texas 79101
SBN: 15101100
(806) 374-2266, (806) 374-9535 FAX
ATTORNEY FOR RALPH LYLE CRUM

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | |
|---|---|
| IN RE: § | |
| RALPH LYLE CRUM, § | Case No 08-20297-RLJ-7 |
| Debtor § | Chapter 7 |
| § | |
| § | Hearing Date: September 11, 2008 |
| § | Hearing Time: 1:30 p.m |

### DEBTOR'S RESPONSE TO TRUSTEE'S OBJECTION
### TO DEBTOR'S CLAIMED EXEMPTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Ralph Lyle Crum, Debtor herein, and in response to the Trustee's Objection to Debtor's Claimed Exemptions (hereafter,"Movant") and would show the court as follows:

1  Admit

2. Admit.

3  Deny  Debtor has this date (or will as soon as possible) amend his exemptions to claim federal exemptions under 11 U.S.C 522(d)(12) and/or 522(d)(10)(E)  See *Rousey v Jacoway,* 544 U S __ 161 L Ed 2d 563, 125 S. Cd. (2005), holding that IRA's may be exempted by Debtor under Section 522(d)(10)(E) This amendment renders this allegation moot. Additionally, to the extent Debtor's interest in said funds were founded in, or derived from, an ERISA qualified plan, such are properly characterized as not part of the bankruptcy estate, under 11 U.S.C Section 541(c)(2) and 29 U.S.C 1056(d)(1), which prohibit creditors of ERISA participants such as Debtor from attaching or garnisheeing the funds and benefits of the plan  (See the ruling in *Patterson v Shumate,* 504 U S 753, 119 L Ed 2d 519, 112 S Ct 2242 (1992), confirming that such ERISA funds are not part of the bankruptcy estate and remain the protected and separate property of the Debtor in much the same manner

Case No 08-20297; In re: Ralph L Crum
Response to Randi L. Crum's Objection to Debtor's Claim of Exemptions                 Page 1

EXHIBIT B

as exempt property.) Debtor also claims the protection of 11 U.S.C. 522(b)(3)(C), which protects qualified retirement funds and IRA's such as that of Debtor in Schedule B and C filed herein.

4   Deny. Debtor has, or will shortly amend his exemptions, claiming federal exemptions rendering this allegation moot.

5   Deny. These allegations are rendered moot by the amended Schedule C filed this date or to be filed soon hereafter. Debtor incorporates the allegations of paragraph 3 above as if set forth at length. The Texas statute recited in Movant's pleadings are not applicable when federal exemptions, and non-bankruptcy protection is utilized as in paragraph 3 above, and in any event, are defeated by the supremacy clause of the United States Constitution. Additionally, all of the amounts paid into the exempt plans were gradually accrued, far before any intention of bankruptcy was formed, or knowledge of insolvency. By federal law, Debtor is allowed 60 days to roll over the funds in question into other qualified IRA's or plans, and allowed full protection from his creditors under the analysis set forth in paragraph 3, above.

6.  Debtor requests attorney's fees which were reasonable and necessary to defeat the Objection of the Trustee.

WHEREFORE, PREMISES CONSIDERED, Debtor prays that the objection of the Trustee be denied, for declaratory relief, for an award of attorney's fees, and for such other relief to which he may be entitled at law or in equity.

Respectfully submitted,

**NORTHERN LAW FIRM**
112 W. 8th Ave., Suite 400
Amarillo, Texas 79101
Tel. (806) 374-2266
Fax (806) 374-9535

_____
Van W. Northern
State Bar No. 15101100

*Attorney for Debtor*

Case No. 08-20297; In re: Ralph L. Crum
Response to Randi L. Crum's Objection to Debtor's Claim of Exemptions                                    Page 2

## CERTIFICATE OF SERVICE

The undersigned certifies that he has on the date shown below transmitted a true copy of the foregoing document to the following parties in interest by electronic notification via the court's electronic case filing system or by regular mail on the __27th__ day of __August__, 2008:

Kent D. Ries
600 S. Tyler, Suite 1300
Box 12058
Amarillo, Texas 79101
*Chapter 7 Trustee*

Eddie R. Jimenez
Pite Duncan, LLP
525 E. Main Street
P.O. Box 12289
El Cajon, California 92022-2289

Cole Young
Templeton, Smithee, Hayes,
          Heinrich & Russell, L.L.P.
P O Box 15010
Amarillo, Texas 79105

U.S. Trustee
1100 Commerce Street, Room 9C60
Dallas, Texas 75242

                                        _____
                                        Van W. Northern

Van W. Northern
NORTHERN LAW FIRM
112 W. 8th Ave., Suite 400
Amarillo, Texas 79101
SBN: 15101100
(806) 374-2266, (806) 374-9535 FAX
ATTORNEY FOR RALPH LYLE CRUM

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| RALPH LYLE CRUM, | § | Case No. 08-20297-RLJ-7 |
| Debtor. | § | Chapter 7 |
| | § | |
| | § | Hearing Date: September 11, 2008 |
| | § | Hearing Time: 1:30 p.m. |

### DEBTOR'S RESPONSE TO RANDI L. CRUM'S OBJECTION
### TO DEBTOR'S CLAIM OF EXEMPTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Ralph Lyle Crum, Debtor herein, and in response to Randi L. Crum's Objection to Debtor's Claim of Exemptions (hereafter, "Movant") and would show the court as follows:

1  Admit

2.  Admit

3  Deny. Debtor has this date (or will as soon as possible) amend his exemptions to claim federal exemptions under 11 U.S.C. 522(d)(12) and/or 522(d)(10)(E). See *Rousey v. Jacoway*, 544 U.S. ___ 161 L.Ed. 2d 563, 125 S. Cd (2005), holding that IRA's may be exempted by Debtor under Section 522(d)(10)(E) This amendment renders this allegation moot. Additionally, to the extent Debtor's interest in said funds were founded in, or derived from, an ERISA qualified plan, such are properly characterized as not part of the bankruptcy estate, under 11 U.S.C. Section 541(c)(2) and 29 U.S.C. 1056(d)(1), which prohibit creditors of ERISA participants such as Debtor from attaching or garnisheeing the funds and benefits of the plan. (See the ruling in *Patterson v. Shumate*, 504 U.S. 753, 119 L.Ed. 2d 519, 112 S.Ct. 2242

EXHIBIT C

(1992), confirming that such ERISA funds are not part of the bankruptcy estate and remain the protected and separate property of the Debtor in much the same manner as exempt property.) Debtor also claims the protection of 11 U.S.C. 522(b)(3)(C), which protects qualified retirement funds and IRA's such as that of Debtor in Schedule B and C filed herein.

4. Deny. Debtor has, or will shortly amend his exemptions, claiming federal exemptions rendering this allegation moot.

5. Deny. These allegations are rendered moot by the amended Schedule C filed this date or to be filed soon hereafter. Debtor incorporates the allegations of paragraph 3 above as if set forth at length. The Texas statute recited in Movant's pleadings are not applicable when federal exemptions, and non-bankruptcy protection is utilized as in paragraph 3 above, and in any event, are defeated by the supremacy clause of the United States Constitution. Additionally, all of the amounts paid into the exempt plans were gradually accrued, far before any intention of bankruptcy was formed, or knowledge of insolvency. By federal law, Debtor is allowed 60 days to roll over the funds in question into other qualified IRA's or plans, and allowed full protection from his creditors under the analysis set forth in paragraph 3, above.

6. Debtor requests attorney's fees which were reasonable and necessary to defeat the Objection of Randi L. Crum.

WHEREFORE, PREMISES CONSIDERED, Debtor prays that the objection of Randi L. Crum be denied, for declaratory relief, for an award of attorney's fees, and for such other relief to which he may be entitled at law or in equity.

Respectfully submitted,

**NORTHERN LAW FIRM**
112 W. 8th Ave., Suite 400
Amarillo, Texas 79101
Tel. (806) 374-2266
Fax (806) 374-9535

_____
Van W. Northern
State Bar No. 15101100

*Attorney for Debtor*

Case No. 08-20297; In re: Ralph L. Crum
Response to Randi L. Crum's Objection to Debtor's Claim of Exemptions                    Page 2

## CERTIFICATE OF SERVICE

The undersigned certifies that he has on the date shown below transmitted a true copy of the foregoing document to the following parties in interest by electronic notification via the court's electronic case filing system or by regular mail on the __27th__ day of __August__, 2008:

Kent D. Ries
600 S Tyler, Suite 1300
Box 12058
Amarillo, Texas 79101
*Chapter 7 Trustee*

Cole Young
Templeton, Smithee, Hayes,
    Heinrich & Russell, L.L.P.
P.O. Box 15010
Amarillo, Texas 79105
*Attorney for Movant, Randi L Crum*

Eddie R. Jimenez
Pite Duncan, LLP
525 E Main Street
P O Box 12289
El Cajon, California 92022-2289

U S Trustee
1100 Commerce Street, Room 9C60
Dallas, Texas 75242

_____
Van W Northern

Case No 08-20297; In re: Ralph L Crum
Response to Randi L Crum's Objection to Debtor's Claim of Exemptions                              Page 3