Kent Ries, Attorney at Law
State Bar No. 16914050
600 S. Tyler, Box 12058
1300 Chase Tower
Amarillo, Texas 79101
(806) 242-7437
(806) 242-7440 - Fax

COUNSEL FOR TRUSTEE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | |
|---|---|
| IN RE: § | |
| § | Case No. 08-20297-RLJ-7 |
| RALPH LYLE CRUM, § | |
| § | |
| Debtor. § | |

## TRUSTEE'S SECOND AMENDED OBJECTION TO DEBTOR'S CLAIMED EXEMPTIONS

TO THE HONORABLE ROBERT L. JONES, BANKRUPTCY JUDGE

COMES NOW, Kent Ries, Trustee of this Chapter 7 bankruptcy estate, and files this his Second Amended Objection to Debtor's Claimed Exemptions, and in support thereof would respectfully show unto the Court as follows:

1. Debtor filed for relief under Chapter 7 of the United States Bankruptcy Code on May 30, 2008. Kent Ries was subsequently appointed to serve as the Trustee over the bankruptcy estate.

2. This Court has jurisdiction over the subject matter of this Objection pursuant to 28 U.S.C. § 1334. The matter is core pursuant to 28 U.S.C. § 157(b)(2)(B).

3. Debtor initially claimed his exemptions under Texas Law, and has now converted to those allowed under the Bankruptcy Code.

4.     Debtor has claimed a homestead exemption under Bankruptcy Code §522 for the maximum amount allowed.  The Debtor has also claimed the maximum amount allowed under the wildcard provision of Bankruptcy Code §522 as if no homestead exemption was claimed.  The Debtor is entitled to one or the other of such exemption claims, but not both.

5.     Debtor has also claimed interests in an IRA account at Group Sama, with a scheduled value of $254,902.04, as exempt.  The Debtor has not met the requirements of this section to exempt these assets.  Specifically the amounts in the Group Sama account are not exempt as Group Sama is not a United States financial institution, and the account is not a trust with a qualified trustee, as required by the law governing IRA's.

6.     Finally, the Debtor has claimed Fidelity IRA proceeds, with a scheduled value of $11,000.00, as exempt.  The Debtor distributed the $11,000.00 out of his Fidelity IRA on May 15, 2008 and paid these funds to his fiancé, Trudy Herrmann-Hall.  Because the funds were not timely rolled over into another IRA, those funds are not exempt.  Further, since these Fidelity IRA proceeds were not even owned by the Debtor at the time he filed his bankruptcy case, he cannot claim them as exempt under 11 U.S.C. § 541.  The proceeds were not property of the bankruptcy estate as of the date the Debtor filed his petition.

**WHEREFORE, PREMISES CONSIDERED**, Kent Ries, Trustee herein, respectfully prays for an order of this Court denying the exemptions claimed by the Debtor and for such other relief, at law or in equity, to which the Trustee may show himself justly entitled.

Respectfully submitted,

KENT RIES, ATTORNEY AT LAW
600 S. Tyler, Box 12058
1300 Chase Tower
(806) 242-7437
(806) 242-7440 - FAX


By: /s/ Kent Ries
    Kent Ries
    State Bar No. 16914050

COUNSEL FOR TRUSTEE

## CERTIFICATE OF SERVICE

I, Kent Ries, hereby certify that on the 25th day of November, 2008 a true and correct copy of the foregoing Second Amended Objection to Exemptions was served electronically or mailed in the United States mail, postage prepaid, to the parties listed below:

United States Trustee
1100 Commerce Street, Room 9C60
Dallas, Texas 75242

Ralph Lyle Crum
P.O. Box 40713
Austin, Texas 78704-0012

Van Northern
Northern Law Firm
112 W. 8th, Suite 400
Amarillo, Texas 79101


/s/ Kent Ries
Kent Ries