U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

ENTERED
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed April 15, 2009**                                        **United States Bankruptcy Judge**

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE | § § § | |
| **RALPH LYLE CRUM,** | § § § § | Case No. 08-20297-RLJ-7 |
| Debtor. | § | |

### ORDER ON TRUSTEE AND RANDI CRUM OBJECTIONS TO DEBTOR'S CLAIMED EXEMPTIONS

On December 10, 2008, came on for consideration the Second Amended Objections to Exemptions filed by Kent Ries, Trustee, and the Amended and Supplemental Objections to Amended Exemptions filed by creditor, Randi Crum. The parties appeared by and through their respective counsel, announced ready, and announced their agreement to present their objections to exemptions, and responses thereto on written stipulations.

On February 3, 2009 this Court entered a Partial Order on Debtor's Exemptions, based on the oral and written agreement of the parties, which reserved the contested issues for the Court.

On February 20, 2009, this Court entered its Memorandum Opinion (the "Opinion) on the remaining issues of the parties' objections. This Order reflects the holding of the Court based on that

1

Opinion. The Memorandum Opinion was based on agreed stipulations which are incorporated herein by reference.

The Debtor claimed his interest in an "IRA" account at Group SAMA, with a scheduled value of $254,902.04, as exempt and stated as his basis for the exemption, among other things, 11 U.S.C. §522(d)(10)(E) & (12).

With regard to the Group SAMA account, the Court denies all the legal bases asserted by Debtor for exemption, finds that none are viable, and therefore sustains Movants' objections thereto, and finds that the Group SAMA account is not exempt under any of the following authorities set forth in exemptions: §522(d)(10)(E); or 11 U.S.C. Section 522(d)(12); or 522(b)(3)(A); or 522(b)(3)(C); or 522(b)(4)(B)(i) or (ii)(II); or 29 U.S.C. Section 1056(d); or 29 U.S.C. Section 1056(d); or *Patterson v. Shumate*; or *Rousey v. Jacoway*.

Having determined that the Group SAMA account does not qualify as exempt property under the Bankruptcy Code, the Court considered whether the Group SAMA account is exempt from the alimony/child support claims of Randi Crum. The Court concludes that the Group SAMA account is not exempt from such claims, because the claims constitute a domestic support obligation under 11 U.S.C. § 522(c)(1), and 11 U.S.C. Sections 101(14)(A).

The Debtor claimed his interests in IRA accounts at Fidelity and Wachovia, with scheduled values of $38,080.64 and $79.58, as exempt and stated as his basis for the exemption, among other things, 11 U.S.C. § 522(d)(12). The Fidelity and Wachovia accounts are stipulated by the parties to be, and the Court does hereby find that both are, valid IRA accounts and thus exempt from taxation and thus exempt from the claims of creditors. However, the Court holds that the Fidelity and Wachovia accounts identified above, are not exempt from the claims of Randi Crum, as a domestic support obligation under 11 U.S.C. § 522(c)(1), and 11 U.S.C. Sections 101(14)(A).

The Debtor has also claimed Fidelity IRA proceeds, with a scheduled value of $11,000.00 as exempt. The Debtor transferred the $11,000.00 out of his Fidelity IRA prepetition to his fiancée, Trudy

2

Hermann-Hall. The Court finds that Debtor has no ownership interest in the funds and no legal basis to claim any exemption to such funds, and sustains Movants' objections thereto.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED,** that the Group SAMA account in the amount of $254,902.04 is not exempt and is property of the bankruptcy estate.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED,** that the Fidelity and Wachovia IRA accounts in the amount of $38,080.64 and $79.58 respectively are exempt as to creditors generally, but are not exempt as to the claim of Randi Crum.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED,** that the Fidelity IRA proceeds in the amount of $11,000.00 are not property of the estate and are therefore not exempt.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED**, that the balance of Debtor's exemption claims, to which no objections was made are sustained.

All other relief requested is denied.

### END OF ORDER ###

Prepared By:
Kent Ries, Attorney at Law
State Bar No.  16914050
600 S. Tyler, Box 12058
1300 Chase Tower
Amarillo, Texas 79101
(806) 242-7437
(806) 242-7440 - Fax
COUNSEL FOR TRUSTEE


**AGREED AS TO FORM:**


/s/ Van Northern
Van Northern, *Attorney for Debtor*


**AGREED AS TO CONTENT AND FORM:**


/s/ Cole Young
Cole Young, *Attorney for Randi Crum*

3

# CERTIFICATE OF NOTICE

```
District/off: 0539-2         User: gluna            Page 1 of 1           Date Rcvd: Apr 16, 2009
Case: 08-20297               Form ID: pdf012        Total Served: 1

The following entities were served by first class mail on Apr 18, 2009.
db            Ralph Lyle Crum,    P O Box 40713,    Austin, TX  78704-0012

The following entities were served by electronic transmission.
NONE.                                                                                  TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                  TOTAL: 0
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Apr 18, 2009**                    **Signature:** _Joseph Speetjens_