U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

ENTERED
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 22, 2009**            **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE | § § § | |
| RALPH LYLE CRUM, | § § | Case No. 08-20297-RLJ-7 |
| Debtor. | § § | |

### AGREED ORDER GRANTING TRUSTEE'S
### MOTION TO COMPEL AND FOR TURNOVER

Debtor, Ralph Lyle Crum, appeared by and through his counsel, Van W. Northern, along with Movant, Kent Ries Trustee, and presented their agreement imposing certain terms and conditions with respect to funds identified herein, and adjudicated as non-exempt property of the bankruptcy estate by the Court in its Order on Trustee and Randi Crum's Objections to Debtor's Claimed Exemptions, dated April 15, 2009. Those funds consisted of $254,902.04 (in American denomination) which were located at the time of the petition in account no. 10673534 with Group SAMA Internacional, GS.SA.(hereafter referred to as the "Group SAMA funds") in Costa Rica.

The Court having considered the agreement of Debtor and the Trustee, finds that such is well taken, and hereby grants the Motion of the Trustee to turnover the Group SAMA funds under the following terms and conditions, AND THE COURT ORDERS AS FOLLOWS:

1.    Debtor Ralph Crum shall, within 14 days hereof, and upon penalty of contempt, turnover, and/or demand in writing by certified mail, return receipt requested, and also by regular mail, that Group SAMA, (**or any other party known or believed by Ralph Crum to be in actual or constructive possession of the Group SAMA Funds, and/or any permutation thereof**) immediately turnover the Group SAMA Funds, (or any permutation thereof), to Ralph Crum's attorney of record, Van W. Northern, whose address is 112 W. 8th, Suite 400, in Amarillo, Texas, 79101. Immediately upon receipt of such Group SAMA Funds, such shall be placed in Van W. Northern's IOLTA trust account at Amarillo National Bank, (an FDIC insured institution), pending deposit or transfer in keeping with this Order. Ralph Crum's failure to reasonably cooperate in facilitating the prompt transfer or deposit of the Group SAMA Funds (or any permutation thereof) shall be grounds for contempt upon motion and evidentiary hearing.

2.    If above does not result in turnover of funds, Debtor Ralph Crum agrees to cooperate with Kent Ries, his attorney, or other professional of the Estate with any actions taken by Kent Ries to effect such turnover. Ralph Crum agrees to call, write, execute documents or otherwise communicate with Group SAMA or the current holder of the Group SAMA funds.

3.    Thereafter, the parties agree as soon as possible, to place such Group SAMA funds in any United States bank insured by the FDIC, (including but not limited to Amarillo National Bank) or in another United States financial institution similarly insured, where such funds must be payable jointly to Kent Ries, Chapter 7 Trustee, and Van W. Northern, as attorney for Ralph Crum, Debtor.

The choice of any other financial institution to which the funds may later be deposited, or transferred, after initial transfer or deposit into Amarillo National Bank, must be a choice mutually agreed to by the parties, with such funds to draw interest if practicable.  If the parties cannot agree to such an account within fourteen (14) days after receipt by Van Northern, the Group SAMA funds will be placed in the Trustee's bank used for other Chapter 7 asset cases.

4. The parties shall also provide the bank or financial institution with a copy of this Order, along with written instructions that the described funds shall not be withdrawn, cashed, or transferred without the express written permission of Kent Ries, Trustee, and Van W. Northern, attorney for Debtor Ralph Crum, unless otherwise ordered by the Court.

5. The parties agree, and the Court does hereby order, that such funds are to stand in lieu of any appeal bond or supersedeas bond, pending outcome of the appeal from the Court's Order of April 15, 2009; and upon final disposition of the appeal, the Court orders Kent Ries, Trustee, and also Ralph Crum (and his attorneys, agents, and successors) to turnover such funds and any increase or interest thereon, as soon as practicable to the prevailing party in that appeal, under penalty of contempt for any party (or agent thereof) who knowingly obstructs the transfer of those funds, or fails to act reasonably and expeditiously in assuring that the funds are turned over or transferred to the prevailing party.

6. Debtor Ralph Crum also agrees to provide all documentation in his possession or control, regarding the value of the Group SAMA funds from the date of his bankruptcy filing until the date of turnover to the Trustee.  This obligation includes Debtor Ralph Crum's cooperation in obtaining those records from Group SAMA or any other holder of the Group SAMA funds.

7. Ralph Crum is also ordered within 7 days to report in writing to Kent Ries, Trustee,

through Crum's attorney of record Van W. Northern, Ralph Crum's last known contact information

and whereabouts of Trudi Hall, Crum's fiance at the time of the filing of the bankruptcy petition.

# # # End of Order # # #

AGREED TO AS TO FORM ONLY BY:


/s/ Van W. Northern
Van W. Northern
Attorney for Ralph Crum



AGREED TO BY:


/s/ Kent Ries
Kent Ries
Chapter 7 Trustee