Kent Ries, Attorney at Law
State Bar No.  16914050
600 S. Tyler, Box 12058
1300 Chase Tower
Amarillo, Texas 79101
(806) 242-7437
(806) 242-7440 – Fax
COUNSEL FOR TRUSTEE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| RALPH LYLE CRUM, | § | CASE NO. 08-20297-RLJ-7 |
| | § | |
| Debtor. | § | |

## MOTION TO COMPROMISE CLAIMS OF ESTATE, RANDI CRUM, AND RALPH CRUM, INCLUDING APPEAL OF RALPH CRUM

Now comes Kent Ries, Trustee herein, and files his Motion to Compromise Claims of

Estate, Randi Crum, and Ralph Crum, including Appeal of Ralph Crum and requests this Court

for an Order approving same, as follows:

1.       Debtor filed for relief under Chapter 7 of the United States Bankruptcy Code on May

30, 2008.  Kent Ries was subsequently appointed and qualified to serve as the Trustee over the

bankruptcy estate.

2.       Trustee filed his Objection to Debtor's Claimed Exemptions on July 25, 2008.

Among other items, the Trustee objected to the Debtor's Group SAMA account exemption claim.

On August 7, 2008, Randi Crum filed a response opposed in part to Trustee's Objection to

Exemptions.  Randi Crum also filed an Objection to Debtor's Claimed Exemptions on August 7,

2008.  The Debtor filed an Amended Schedule C on August 27, 2008.  Randi Crum filed an

objection to Debtor's amended exemptions on August 29, 2008, and her First amended objection on

October 9, 2008.  Debtor filed amended schedules on November 2, 2008.  Trustee filed his First

Amended Objection to Debtor's Exemptions on November 6, 2008.  Randi Crum filed Supplemental

Objection to Exemptions on November 21, 2008.  Trustee filed his Second amended Objection on

November 25, 2008.   A Partial Order on some furnishings and a vehicle was entered on February 4,

2009.  This Court entered a Memorandum of Opinion on February 20, 2009 denying the IRA

exemption claim.  An Order on Debtor's claimed exemptions was entered on April 14, 2009.

3.      The Debtor filed a Notice of Appeal on April 27, 2009 on issues relating to his

attempt to rollover a retirement account into the Group SAMA account and the Bankruptcy Court's

denial of such exemption claim.  All parties have briefed the appeal; it remains under consideration

by the District Court.

4.      Trustee filed a Motion to Compel Debtor to turnover the Group SAMA account on

June 10, 2009. An Order granting Trustee's Motion was entered on June 23, 2009.  Trustee received

$205,000.00 from the Debtor on July 14, 2009, as the full proceeds from the Group SAMA account.

5.      On October 14, 2008, Randi Crum filed a claim against the Estate in the amount of

$1,155,231.95 for domestic support obligations, with $150,000.00 alleged as secured by real estate.

The Trustee disputes the amount and status of Randi Crum's claim.  Aside from the claim of Randi

Crum, there are approximately $85,000.00 in other unsecured claims, and approximately

$146,000.00 in deficiency/unsecured claims.

6.      The Estate has a claim against Randi Crum arising from a house in Connecticut that

was partially due to the Debtor under their divorce decree.  Randi Crum disputes the claim due to

alleged defaults of the Debtor under the decree.

7.      A settlement between the parties has been reached, subject to this Court's

approval.  The terms of the settlement are described in the Compromise Settlement Agreement

("CSA"), attached hereto as Exhibit "A" and incorporated herein for all purposes.  Pursuant to

the CSA, the appeal will be dismissed, and the funds in the Estate will be used to pay specific

claims, or creditors, of the Estate.

8.    Under the CSA, Randi Crum will receive $119,000.00 immediately ($19,000.00

of which will be paid to her attorney) from the Estate, will release the Debtor from all past due

child support obligations, and will release her claim against the Estate.  In exchange the Estate

and the Debtor will release Randi Crum from any claim they have against her or her property.

The Debtor will release the Estate from any claim of exemption on the Group SAMA proceeds

and agrees with Randi Crum on a modified child support and alimony as described in the CSA.

The Estate agrees to pay an IRS claim, if one is filed, pursuant to the CSA.  The Estate also

agrees to cap its legal fees in this case at $13,000.00.  Any funds remaining after Randi Crum

payment above, the IRS claim (if any), legal fees (as approved by this Court and capped above)

and trustee fees, will be paid to filed claimants as the Bankruptcy Code requires.

WHEREFORE the Trustee respectfully requests the Court approve the parties' settlement

of this matter and for such other and further relief, which the parties are entitled.

Respectfully submitted,

Kent Ries, Attorney at Law
600 S. Tyler, Box 12058
1300 Chase Tower
Amarillo, Texas 79101

By: /s/ Kent Ries
    Kent Ries,
    State Bar No. 1691450
COUNSEL FOR TRUSTEE

## NOTICE OF RESPONSE REQUIRED

NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 624 S. POLK STREET, AMARILLO, TEXAS 79101, BEFORE 4:00 O'CLOCK P.M. ON MARCH 19, 2010, WHICH IS TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF.

ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN.  IF A RESPONSE IS FILED A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.

IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 26th day of February, 2010, a true and correct copy of the

above and foregoing document was sent electronically via ECF or mailed via regular mail in the

United States mail, postage prepaid, to the parties listed below and on the attached mailing

matrix:

United States Trustee
1100 Commerce Street, Room 9C60
Dallas, Texas 75242

Ralph Lyle Crum
7003 Covenant Lane
Amarillo, Texas 79109

Van Northern
Northern Law Firm
112 W. 8th, Suite 400
Amarillo, Texas 79101

Cole Young
Templeton Law Firm
320 S. Polk, Suite 1000
Lobby Box 5
Amarillo, Texas 79101

 /s/ Kent Ries
Kent Ries

U.S. Attorney
1100 Commerce, 3rd Floor
Dallas, TX 75242-1074

U.S. Attorney General
Department of Justice
Washington, DC 20001

AT&T Mobility
P.O. Box 650553
Dallas, TX 75265-0553


AMERICAN HONDA FINANCE
P O BOX 168088
IRVING, TX 75016-8088

Amex
P.O. Box 297871
Fort Lauderdale, FL 33329-7871

Armstrong Moving & Storage
2401 Double Creek Drive
Round Rock, TX 78664-3806


Arturo Carillo Medical
1911 Port Lane
Amarillo, TX 79106-2470

Aspen Collection
P.O. Box 5129
Spring Hill, FL 34611-5129

Attorney-In-Charge
Office of the United States
500 S. Taylor, Lobby Box 238
Amarillo, TX 79101-2446


Bank Of America
Pob 17054
Wilmington, DE 19884-0001

Bank of America
P.O. Box 15714
Wilmington, DE 19886-5714

Chase
800 Brooksedge Blvd
Westerville, OH 43081-2822


Chase Business Cardmember
P.O. Box 94104
Palatine, IL 60094-4104

Comptroller of Public Accounts
Taxation Division Bankruptcy
P.O. Box 12548
Austin, TX 78711-2548

Financial Recovery Services
P.O. Box 385908
Minneapolis, MN 55438-5908


Fred Siegel, Esq.
1281 East Main Street
Holly Pond Plaza
Stamford, CT 06902-3544

GE Capital
P.O. Box 740441
Atlanta, GA 30374-0441

Goldfarb & Ajello Court
24 East Ave.
Box 1372
New Canaan, CT 06840-5529


Hartley Hampton
Attorney at Law
Five Houston Center
1401 McKinney, Suite 1800
Houston, TX 77010-4037

Helen Bruno, Esq.
112 Prospect Street
Stamford, CT 06901-1207

Home Coming Funding Ne
2711 N Haskell Ave. Sw 1
Dallas, TX 75204-2911


Homecomings Financial, LLC
c/o Pite Duncan, LLP
525 East Main Street
P.O. Box 12289
El Cajon, CA 92022-2289

Internal Revenue Service
Special Procedures Branch
Bankruptcy Section, Mail Code
1100 Commerce Street
Dallas, TX 75242-1001

Lu Ann Weldon, MSHA, RN, CPC
Professional Healthcare
1800 W. Cherry Ave.
Amarillo, TX 79108-0703


Peter M. Dreyer
Siver Golub & Teitell, LLP
Post Office Box 389
Stamford, CT 06904-0389

Randi Crum
25 Fanton Hill Road
Weston, CT 06883-2406

Randi L. Crum
c/o Coleman Young
Templeton Law Firm
P. O. Box 15010
Amarillo, TX 79105-5010


Ruth S. Vidauri
Wells Fargo SBA Lending
4406 Piedras Dr. West, Ste 100
San Antonio, TX 78228-1207

Tascosa Office Machines
1005 W. 8th Street
Amarillo, TX 79101-2011

Texas Workforce Commission
101 E. 15th Street
Austin, TX 78778-0001

Tooher & Wocl, LLC
80 Fourth Street
Stamford, CT 06905-5009

United Collection Bureau, Inc.
P.O. Box 1117
Maumee, OH 43537-8117

Wells Fargo Bank
Amarillo Dowtown Business
905 S. Fillmore
Amarillo, TX 79101-3540

Willows Pediatric Group
1563 Post Road East
Westport, CT 06880-5602

Ralph Lyle Crum
P.O. Box 40713
Austin, TX 78704-0012

Van W. Northern
Northern Law Firm
112 W. 8th Street, Suite 400
Amarillo, TX 79101-2314

American Honda Finance
600 Kelly Way
Holyoke, MA

Coleman Young, Esq.
TEMPLETON, SMITHEE, HAYES
   HEINRICH & RUSSELL, L.L.P.
320 S. Polk, Suite 1000
P. O. Box 15010
Amarillo, Texas 79105
(806) 324-0324 – Telephone
(806) 379-8568 – Telecopy

ATTORNEY FOR RANDI L. CRUM

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| RALPH LYLE CRUM, | § | CASE NO.2-08-20297-RLJ-7 |
| | § | |
| DEBTOR. | § | |

## COMPROMISE SETTLEMENT AGREEMENT

This Compromise Settlement Agreement (the "Agreement") is made this _____ day of

November, 2009, by and between Randi L. Crum ("Randi Crum,") Ralph Lyle Crum ("Ralph

Crum,") and Kent Ries, Trustee of the Ralph Lyle Crum Bankruptcy Estate ("Trustee"). This

Agreement has also been approved by Bryan Hocter, an assistant attorney general in the State of

Connecticut, to indicate the State's willingness to abide by the terms of the Agreement.   The

Settlement affects the following proceedings:  (a) the Ralph Crum Bankruptcy proceeding, *In re*

*Ralph Crum*, Debtor, Case No. No.2-08-20297-RLJ-7, In the United States Bankruptcy Court,

Northern District of Texas, Amarillo Division; (b) Ralph Crum's appeal of the Bankruptcy Court's

order on his claims of exemptions, currently pending in the District Court for the Northern District

of Texas, Amarillo Division: and (c) the contempt/delinquency/support claims pending in Case No.

FA-064010407A in the Connecticut State Superior Court in the case of Crum vs. Crum.   The terms of the Settlement Agreement are as follows:

  1. $119,000.00 shall be paid to or for the benefit of Randi Crum from the appeal bond escrow account maintained by Ralph Crum and the Trustee pursuant to an Agreed Order entered by the Bankruptcy Court in this proceeding on June 23, 2009.  The $119,000 shall be paid as soon as the Order approving the Agreement has become final.  The $119,000.00 will be remitted from the escrow account for the benefit of Randi Crum and the couple's minor-aged children through checks made payable as follows: (a) $19,000.00 to Coleman Young, Templeton, Smithee, Hayes, Heinrich & Russell, LLP, P. O. Box 15010, Amarillo, Texas 79105-5010, in payment of attorney's fees; and (b) $100,000.00 to the Connecticut CCSPC, P.O. Box 990031, Hartford Connecticut 06199-0031, in payment of child support obligations. (The check to the Connecticut CCSPC must include Ralph Crum's name on the check along with his Social Security Number).  The $119,000 is paid in satisfaction of Ralph Crum's past due child support obligations (and is therefore not to be included in Randi Crum's income for Federal or State income tax purposes).

  2. Randi Crum, Ralph Crum and his counsel in Connecticut, Alice McQuiad, along with Bryan Hocter, will execute a separate Stipulation in the Connecticut divorce case providing that all arrears of Ralph Crum in the payment of child support and alimony prior to the execution of the Agreement are considered cured and satisfied in full, and vacating or rescinding any outstanding Capias warrant or contempt order. Randi Crum further agrees to reduce Ralph Crum's child support/alimony obligation from $12,000.00 to $2000.00 for a period of 12 months, the first payment to be due on the first day of the first month following approval of this Agreement by the Bankruptcy Court. Each monthly payment must be processed through the Connecticut CCSPC;

therefore, Ralph Crum must place each payment in the mail to the Connecticut CCSPC by the 15th

day of the preceding month in order for the payment to be received by Randi Crum by the first day

of the month when due. The stipulation shall further provide that a hearing for modification of the

Crum's original divorce decree will be scheduled for no earlier than the first day of the 11th month,

and no later than the first day of the 12th month, following approval of this Agreement by the

bankruptcy court, and that at that hearing Randi Crum and Ralph Crum will stipulate (contingent

upon all the $2000 monthly support payments provided for herein have been timely paid by Ralph

Crum), that the monthly child support/alimony payment due to Randi Crum under their divorce

decree may be modified to an amount as would be determined as appropriate child support in

accordance with the Child Support Guidelines of the State of Connecticut, based on the current

incomes of Ralph Crum and Randi Crum, as well as the number of children for which support is due.

     3.      Ralph Crum agrees that approval of the Agreement by Order of the Bankruptcy

Court shall constitute a release of any claim he might otherwise assert against Randi Crum, her home

at 25 Fanton Hill Road, Weston, Connecticut, or any personal property in her possession, including

any claim of a lien, and any claim for exemption of such properties asserted in Ralph Crum's

bankruptcy proceeding, and including any assertion that Randi Crum or her agents violated the

Crum's divorce decree or Ralph Crum's bankruptcy stay. A certified copy of the Order Approving

this Agreement, along with the Agreement itself, may be recorded in the Real Estate Records of

Fairfield County, Connecticut, and when so recorded shall evidence and constitute a release of any

Judgment Lien Certificate, Lis Pendens, or other lien or claim asserted by Ralph Crum, in or against

the property located at 25 Fanton Hill Road, Weston, Fairfield County, Connecticut, legally

described as follows:

All that certain piece, parcel or tract of land situated in the Town of Weston, County of Fairfield, and State of Connecticut, as shown on map entitled "Map Prepared for Ethel Hyman, Weston, Connecticut, Scale 1"=40' March, 1955" on file in the Weston Town Clerk's Office as Map No. 1016, and bounded:

NORTHERLY by land now or formerly of Grace L. Boyce, 221.99 feet, as shown on said map;

EASTERLY by Fanton Hill Road, so-called 307.56 feet, as shown on said map;

SOUTHERLY by land now or formerly of Franklin F. and Lila R. Whitbeck in part, and in part by land now or formerly of Pauline Taylor, 314.97 feet, as shown on said map;

WESTERLY by land now or formerly of Pauline Taylor, 35.78 feet, and by land now or formerly of Grace L. Boyce, 356.36 fee, as shown on said map.

4.      Payment of the $119,000.00 will constitute full and final settlement and satisfaction of all claims between Randi Crum (and her property) and the Bankruptcy Estate of Ralph Crum, including any claim filed by or for Randi Crum in that Bankruptcy proceeding, and any lien or other rights asserted by the Estate against Randi Crum, her home at 25 Fanton Hill Road, Weston, Connecticut, or any personal property in her possession.

5.      The balance of the appeal bond escrow funds (after payment of the $119,000 for the benefit of Randi Crum and the couple's minor-aged children) will be paid to Kent Ries as Trustee for Ralph Crum's Bankruptcy Estate. If the IRS, or Ralph Crum on behalf of the IRS, files a claim in Ralph Crum's bankruptcy proceeding for any 2008 tax liability Ralph Crum has incurred as a result of the distribution of qualified funds from an IRA, the Trustee will allow that claim (as long as such claim is limited to that amount and is properly classified as to priority) and will not oppose the interim payment of that claim in whole or in part prior to the closing of Ralph Crum's Bankruptcy Estate. Ralph Crum agrees that the payment of the IRS claim is subject to the Bankruptcy Code's distribution priorities, including that an IRS claim is lower in priority than the

Bankruptcy Estate's administrative expenses, and as such, funds to pay all or any of the IRS claim may not be available. Ralph Crum also agrees that if no IRS claim is filed prior to the Trustee's filing of a final report, that no funds will remain in the bankruptcy case to pay any IRS claim, and the IRS claim, if any, will be Ralph Crum's responsibility.

6. Approval of this Agreement by Order of the Bankruptcy Court shall constitute a sufficient order, and sufficient permission from Ralph Crum and the Trustee, for the financial institution in which the appeal bond escrow account is maintained to pay the funds on deposit in that account in the manner, and to the persons, provided in this Agreement.

7. Ralph Crum and Kent Ries, as Trustee, agree that this Agreement and the Bankruptcy Estate's receipt of the above amounts from the escrowed funds, will constitute a settlement in full of all claims between the bankruptcy estate and Ralph Crum (and against his property).

8. Ralph Crum and Randi Crum mutually agree that this Agreement extinguishes all claims against each other (and on behalf of their heirs, assigns, agents and employees) SAVE AND EXCEPT FOR ANY FUTURE VIOLATIONS OF THIS AGREEMENT AND/OR FUTURE VIOLATIONS OF THEIR STANDING DIVORCE DECREE

9. This Agreement is conditioned upon approval of the Agreement by the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division, Robert L. Jones presiding. Upon Judge Jones' approval of the Agreement, which shall only occur after the execution of the agreement by all the parties and other persons referenced above, the appeal now pending concerning Ralph Crum's claims of exemption shall be dismissed by Ralph Crum.

DATED THIS ___*94th*___ day of November, 2009.

_____
Ralph Lee Crum


_____
Randi L. Crum


_____
Kent Ries, Trustee for the Bankruptcy Estate
of Ralph Lee Crum

APPROVED AS TO FORM:


_____
Van Northern, Attorney for
Ralph Lee Crum


_____
Coleman Young, Attorney for
Randi Crum


_____
Alice M. McQuaid, Attorney for Ralph
Lee Crum, Connecticut State Court Proceeding


APPROVED AS TO FORM AND CONTENT:


_____
Bryan Hocter, Assistant Attorney General
State of Connecticut, Child Support Division


COMPROMISE SETTLEMENT AGREEMENT                                    6

Coleman Young, Esq.
TEMPLETON, SMITHEE, HAYES
    HEINRICH & RUSSELL, L.L.P.
320 S. Polk, Suite 1000
P. O. Box 15010
Amarillo, Texas 79105
(806) 324-0324 – Telephone
(806) 379-8568 – Telecopy

ATTORNEY FOR RANDI L. CRUM

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| RALPH LYLE CRUM, | § | CASE NO.2-08-20297-RLJ-7 |
| | § | |
| DEBTOR. | § | |

## COMPROMISE SETTLEMENT AGREEMENT

This Compromise Settlement Agreement (the "Agreement") is made this _____ day of

November, 2009, by and between Randi L. Crum ("Randi Crum,") Ralph Lyle Crum ("Ralph

Crum,") and Kent Ries, Trustee of the Ralph Lyle Crum Bankruptcy Estate ("Trustee"). This

Agreement has also been approved by Bryan Hocter, an assistant attorney general in the State of

Connecticut, to indicate the State's willingness to abide by the terms of the Agreement. The

Settlement affects the following proceedings: (a) the Ralph Crum Bankruptcy proceeding, *In re*

*Ralph Crum*, Debtor, Case No. No.2-08-20297-RLJ-7, In the United States Bankruptcy Court,

Northern District of Texas, Amarillo Division; (b) Ralph Crum's appeal of the Bankruptcy Court's

order on his claims of exemptions, currently pending in the District Court for the Northern District

of Texas, Amarillo Division: and (c) the contempt/delinquency/support claims pending in Case No.

FA-064010407A in the Connecticut State Superior Court in the case of Crum vs. Crum.   The terms

of the Settlement Agreement are as follows:

1.      $119,000.00 shall be paid to or for the benefit of Randi Crum from the appeal bond

escrow account maintained by Ralph Crum and the Trustee pursuant to an Agreed Order entered by

the Bankruptcy Court in this proceeding on June 23, 2009.  The $119,000 shall be paid as soon as

the Order approving the Agreement has become final.  The $119,000.00 will be remitted from the

escrow account for the benefit of Randi Crum and the couple's minor-aged children through checks

made payable as follows: (a) $19,000.00 to Coleman Young, Templeton, Smithee, Hayes, Heinrich

& Russell, LLP, P. O. Box 15010, Amarillo, Texas 79105-5010, in payment of attorney's fees; and

(b) $100,000.00 to the Connecticut CCSPC, P.O. Box 990031, Hartford Connecticut 06199-0031,

in payment of child support obligations. (The check to the Connecticut CCSPC must include Ralph

Crum's name on the check along with his Social Security Number).  The $119,000 is paid in

satisfaction of Ralph Crum's past due child support obligations (and is therefore not to be included

in Randi Crum's income for Federal or State income tax purposes).

2.      Randi Crum, Ralph Crum and his counsel in Connecticut, Alice McQuiad, along with

Bryan Hocter, will execute a separate Stipulation in the Connecticut divorce case providing that all

arrears of Ralph Crum in the payment of child support and alimony prior to the execution of the

Agreement are considered cured and satisfied in full, and vacating or rescinding any outstanding

Capias warrant or contempt order. Randi Crum further agrees to reduce Ralph Crum's child

support/alimony obligation from $12,000.00 to $2000.00 for a period of 12 months, the first

payment to be due on the first day of the first month following approval of this  Agreement by the

Bankruptcy Court. Each monthly payment must be processed through the Connecticut CCSPC;

therefore, Ralph Crum must place each payment in the mail to the Connecticut CCSPC by the 15th

day of the preceding month in order for the payment to be received by Randi Crum by the first day

of the month when due. The stipulation shall further provide that a hearing for modification of the

Crum's original divorce decree will be scheduled for no earlier than the first day of the 11th month,

and no later than the first day of the 12th month, following approval of this Agreement by the

bankruptcy court, and that at that hearing Randi Crum and Ralph Crum will stipulate (contingent

upon all the $2000 monthly support payments provided for herein have been timely paid by Ralph

Crum), that the monthly child support/alimony payment due to Randi Crum under their divorce

decree may be modified to an amount as would be determined as appropriate child support in

accordance with the Child Support Guidelines of the State of Connecticut, based on the current

incomes of Ralph Crum and Randi Crum, as well as the number of children for which support is due.

      3.     Ralph Crum agrees that approval of the Agreement by Order of the Bankruptcy

Court shall constitute a release of any claim he might otherwise assert against Randi Crum, her home

at 25 Fanton Hill Road, Weston, Connecticut, or any personal property in her possession, including

any claim of a lien, and any claim for exemption of such properties asserted in Ralph Crum's

bankruptcy proceeding, and including any assertion that Randi Crum or her agents violated the

Crum's divorce decree or Ralph Crum's bankruptcy stay. A certified copy of the Order Approving

this Agreement, along with the Agreement itself, may be recorded in the Real Estate Records of

Fairfield County, Connecticut, and when so recorded shall evidence and constitute a release of any

Judgment Lien Certificate, Lis Pendens, or other lien or claim asserted by Ralph Crum, in or against

the property located at 25 Fanton Hill Road, Weston, Fairfield County, Connecticut, legally

described as follows:

All that certain piece, parcel or tract of land situated in the Town of Weston, County of Fairfield, and State of Connecticut, as shown on map entitled "Map Prepared for Ethel Hyman, Weston, Connecticut, Scale 1"=40' March, 1955" on file in the Weston Town Clerk's Office as Map No. 1016, and bounded:

NORTHERLY by land now or formerly of Grace L. Boyce, 221.99 feet, as shown on said map;

EASTERLY by Fanton Hill Road, so-called 307.56 feet, as shown on said map;

SOUTHERLY by land now or formerly of Franklin F. and Lila R. Whitbeck in part, and in part by land now or formerly of Pauline Taylor, 314.97 feet, as shown on said map;

WESTERLY by land now or formerly of Pauline Taylor, 35.78 feet, and by land now or formerly of Grace L. Boyce, 356.36 fee, as shown on said map.

4.    Payment of the $119,000.00 will constitute full and final settlement and satisfaction of all claims between Randi Crum (and her property) and the Bankruptcy Estate of Ralph Crum, including any claim filed by or for Randi Crum in that Bankruptcy proceeding, and any lien or other rights asserted by the Estate against Randi Crum, her home at 25 Fanton Hill Road, Weston, Connecticut, or any personal property in her possession.

5.    The balance of the appeal bond escrow funds (after payment of the $119,000 for the benefit of Randi Crum and the couple's minor-aged children) will be paid to Kent Ries as Trustee for Ralph Crum's Bankruptcy Estate. If the IRS, or Ralph Crum on behalf of the IRS, files a claim in Ralph Crum's bankruptcy proceeding for any 2008 tax liability Ralph Crum has incurred as a result of the distribution of qualified funds from an IRA, the Trustee will allow that claim (as long as such claim is limited to that amount and is properly classified as to priority) and will not oppose the interim payment of that claim in whole or in part prior to the closing of Ralph Crum's Bankruptcy Estate. Ralph Crum agrees that the payment of the IRS claim is subject to the Bankruptcy Code's distribution priorities, including that an IRS claim is lower in priority than the

Bankruptcy Estate's administrative expenses, and as such, funds to pay all or any of the IRS claim may not be available. Ralph Crum also agrees that if no IRS claim is filed prior to the Trustee's filing of a final report, that no funds will remain in the bankruptcy case to pay any IRS claim, and the IRS claim, if any, will be Ralph Crum's responsibility.

6.      Approval of this Agreement by Order of the Bankruptcy Court shall constitute a sufficient order, and sufficient permission from Ralph Crum and the Trustee, for the financial institution in which the appeal bond escrow account is maintained to pay the funds on deposit in that account in the manner, and to the persons, provided in this Agreement.

7.      Ralph Crum and Kent Ries, as Trustee, agree that this Agreement and the Bankruptcy Estate's receipt of the above amounts from the escrowed funds, will constitute a settlement in full of all claims between the bankruptcy estate and Ralph Crum (and against his property).

8.      Ralph Crum and Randi Crum mutually agree that this Agreement extinguishes all claims against each other (and on behalf of their heirs, assigns, agents and employees) SAVE AND EXCEPT FOR ANY FUTURE VIOLATIONS OF THIS AGREEMENT AND/OR FUTURE VIOLATIONS OF THEIR STANDING DIVORCE DECREE

9.      This Agreement is conditioned upon approval of the Agreement by the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division, Robert L. Jones presiding. Upon Judge Jones' approval of the Agreement, which shall only occur after the execution of the agreement by all the parties and other persons referenced above, the appeal now pending concerning Ralph Crum's claims of exemption shall be dismissed by Ralph Crum.

COMPROMISE SETTLEMENT AGREEMENT                                                     5

DATED THIS _____ day of November, 2009.

_____
Ralph Lee Crum

_____
Randi L. Crum

_____
Kent Ries, Trustee for the Bankruptcy Estate
of Ralph Lee Crum

APPROVED AS TO FORM:

_____
Van Northern, Attorney for
Ralph Lee Crum

_____
Coleman Young, Attorney for
Randi Crum

_____
Alice M. McQuaid, Attorney for Ralph
Lee Crum, Connecticut State Court Proceeding

APPROVED AS TO FORM AND CONTENT:

_____
Bryan Hocter, Assistant Attorney General
State of Connecticut, Child Support Division

COMPROMISE SETTLEMENT AGREEMENT                                    6

DATED THIS _____ day of November, 2009.

_____
Ralph Lee Crum

_____
Randi L. Crum

_____
Kent Ries, Trustee for the Bankruptcy Estate
of Ralph Lee Crum

APPROVED AS TO FORM:

_____
Van Northern, Attorney for
Ralph Lee Crum

_____
Coleman Young, Attorney for
Randi Crum

_____
Alice M. McQuaid, Attorney for Ralph
Lee Crum, Connecticut State Court Proceeding

APPROVED AS TO FORM AND CONTENT:

_____
Bryan Hocter, Assistant Attorney General
State of Connecticut, Child Support Division

COMPROMISE SETTLEMENT AGREEMENT                                        6

DATED THIS **20TH** day of November, 2009.


_____
Ralph Lee Crum


_____
Randi L. Crum


_____
Kent Ries, Trustee for the Bankruptcy Estate
of Ralph Lee Crum


APPROVED AS TO FORM:


_____
Van Northern, Attorney for
Ralph Lee Crum


_____
Coleman Young, Attorney for
Randi Crum


_____
Alice M. McQuaid, Attorney for Ralph
Lee Crum, Connecticut State Court Proceeding


APPROVED AS TO FORM AND CONTENT:

_____
Bryan Hooter, Assistant Attorney General
State of Connecticut, Child Support Division


COMPROMISE SETTLEMENT AGREEMENT

6

Coleman Young, Esq,
TEMPLETON, SMITHEE, HAYES
  HEINRICH & RUSSELL, L L.P.
320 S. Polk, Suite 1000
P. O. Box 15010
Amarillo, Texas 79105
(806) 324-0324 – Telephone
(806) 379-8568 – Telecopy

ATTORNEY FOR RANDI L. CRUM

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| RALPH LYLE CRUM, | § | CASE NO.2-08-20297-RLJ-7 |
| | § | |
| DEBTOR. | § | |

## COMPROMISE SETTLEMENT AGREEMENT

This Compromise Settlement Agreement (the "Agreement") is made this _25_ day of _Feb 2010_ November, 2009, by and between Randi L. Crum ("Randi Crum,") Ralph Lyle Crum ("Ralph Crum,") and Kent Ries, Trustee of the Ralph Lyle Crum Bankruptcy Estate ("Trustee"). This Agreement has also been approved by Bryan Hooter, an assistant attorney general in the State of Connecticut, to indicate the State's willingness to abide by the terms of the Agreement. The Settlement affects the following proceedings: (a) the Ralph Crum Bankruptcy proceeding, *In re Ralph Crum*, Debtor, Case No. No.2-08-20297-RLJ-7, In the United States Bankruptcy Court, Northern District of Texas, Amarillo Division; (b) Ralph Crum's appeal of the Bankruptcy Court's order on his claims of exemptions, currently pending in the District Court for the Northern District of Texas, Amarillo Division: and (c) the contempt/delinquency/support claims pending in Case No.

COMPROMISE SETTLEMENT AGREEMENT                                          1

FA-064010407A in the Connecticut State Superior Court in the case of Crum vs. Crum. The terms of the Settlement Agreement are as follows:

1. $119,000.00 shall be paid to or for the benefit of Randi Crum from the appeal bond escrow account maintained by Ralph Crum and the Trustee pursuant to an Agreed Order entered by the Bankruptcy Court in this proceeding on June 23, 2009. The $119,000 shall be paid as soon as the Order approving the Agreement has become final. The $119,000.00 will be remitted from the escrow account for the benefit of Randi Crum and the couple's minor-aged children through checks made payable as follows: (a) $19,000.00 to Coleman Young, Templeton, Smithee, Hayes, Heinrich & Russell, LLP, P. O. Box 15010, Amarillo, Texas 79105-5010, in payment of attorney's fees; and (b) $100,000.00 to the Connecticut CCSPC, P.O. Box 990031, Hartford Connecticut 06199-0031, in payment of child support obligations. (The check to the Connecticut CCSPC must include Ralph Crum's name on the check along with his Social Security Number). The $119,000 is paid in satisfaction of Ralph Crum's past due child support obligations (and is therefore not to be included in Randi Crum's income for Federal or State income tax purposes).

2. Randi Crum, Ralph Crum and his counsel in Connecticut, Alice McQuiad, along with Bryan Hocter, will execute a separate Stipulation in the Connecticut divorce case providing that all arrears of Ralph Crum in the payment of child support and alimony prior to the execution of the Agreement are considered cured and satisfied in full, and vacating or rescinding any outstanding Capias warrant or contempt order. Randi Crum further agrees to reduce Ralph Crum's child support/alimony obligation from $12,000.00 to $2000.00 for a period of 12 months, the first payment to be due on the first day of the first month following approval of this Agreement by the Bankruptcy Court. Each monthly payment must be processed through the Connecticut CCSPC;

COMPROMISE SETTLEMENT AGREEMENT

2

therefore, Ralph Crum must place each payment in the mail to the Connecticut CCSPC by the 15th day of the preceding month in order for the payment to be received by Randi Crum by the first day of the month when due. The stipulation shall further provide that a hearing for modification of the Crum's original divorce decree will be scheduled for no earlier than the first day of the 11th month, and no later than the first day of the 12th month, following approval of this Agreement by the bankruptcy court, and that at that hearing Randi Crum and Ralph Crum will stipulate (contingent upon all the $2000 monthly support payments provided for herein have been timely paid by Ralph Crum), that the monthly child support/alimony payment due to Randi Crum under their divorce decree may be modified to an amount as would be determined as appropriate child support in accordance with the Child Support Guidelines of the State of Connecticut, based on the current incomes of Ralph Crum and Randi Crum, as well as the number of children for which support is due.

3      Ralph Crum agrees that approval of the Agreement by Order of the Bankruptcy Court shall constitute a release of any claim he might otherwise assert against Randi Crum, her home at 25 Fanton Hill Road, Weston, Connecticut, or any personal property in her possession, including any claim of a lien, and any claim for exemption of such properties asserted in Ralph Crum's bankruptcy proceeding, and including any assertion that Randi Crum or her agents violated the Crum's divorce decree or Ralph Crum's bankruptcy stay. A certified copy of the Order Approving this Agreement, along with the Agreement itself, may be recorded in the Real Estate Records of Fairfield County, Connecticut, and when so recorded shall evidence and constitute a release of any Judgment Lien Certificate, Lis Pendens, or other lien or claim asserted by Ralph Crum, in or against the property located at 25 Fanton Hill Road, Weston, Fairfield County, Connecticut, legally described as follows:

COMPROMISE SETTLEMENT AGREEMENT

3

All that certain piece, parcel or tract of land situated in the Town of Weston, County
of Fairfield, and State of Connecticut, as shown on map entitled "Map Prepared for
Ethel Hyman, Weston, Connecticut, Scale 1"=40' March, 1955" on file in the
Weston Town Clerk's Office as Map No. 1016, and bounded:

NORTHERLY by land now or formerly of Grace L. Boyce, 221.99 feet, as shown
on said map;

EASTERLY by Fanton Hill Road, so-called 307.56 feet, as shown on said map;

SOUTHERLY by land now or formerly of Franklin F. and Lila R. Whitbeck in part,
and in part by land now or formerly of Pauline Taylor, 314.97 feet, as shown on said
map;

WESTERLY by land now or formerly of Pauline Taylor, 35.78 feet, and by land now
or formerly of Grace L. Boyce, 356.36 fee, as shown on said map.

4.      Payment of the $119,000.00 will constitute full and final settlement and satisfaction

of all claims between Randi Crum (and her property) and the Bankruptcy Estate of Ralph Crum,

including any claim filed by or for Randi Crum in that Bankruptcy proceeding, and any lien or other

rights asserted by the Estate against Randi Crum, her home at 25 Fanton Hill Road, Weston,

Connecticut, or any personal property in her possession.

5.      The balance of the appeal bond escrow funds (after payment of the $119,000 for the

benefit of Randi Crum and the couple's minor-aged children) will be paid to Kent Riss as Trustee

for Ralph Crum's Bankruptcy Estate. If the IRS, or Ralph Crum on behalf of the IRS, files a claim

in Ralph Crum's bankruptcy proceeding for any 2008 tax liability Ralph Crum has incurred as a

result of the distribution of qualified funds from an IRA, the Trustee will allow that claim (as long

as such claim is limited to that amount and is properly classified as to priority) and will not oppose

the interim payment of that claim in whole or in part prior to the closing of Ralph Crum's

Bankruptcy Estate. Ralph Crum agrees that the payment of the IRS claim is subject to the

Bankruptcy Code's distribution priorities, including that an IRS claim is lower in priority than the

COMPROMISE SETTLEMENT AGREEMENT

4



Bankruptcy Estate's administrative expenses, and as such, funds to pay all or any of the IRS claim may not be available. Ralph Crum also agrees that if no IRS claim is filed prior to the Trustee's filing of a final report, that no funds will remain in the bankruptcy case to pay any IRS claim, and the IRS claim, if any, will be Ralph Crum's responsibility.

6. Approval of this Agreement by Order of the Bankruptcy Court shall constitute a sufficient order, and sufficient permission from Ralph Crum and the Trustee, for the financial institution in which the appeal bond escrow account is maintained to pay the funds on deposit in that account in the manner, and to the persons, provided in this Agreement.

7. Ralph Crum and Kent Ries, as Trustee, agree that this Agreement and the Bankruptcy Estate's receipt of the above amounts from the escrowed funds, will constitute a settlement in full of all claims between the bankruptcy estate and Ralph Crum (and against his property).

8. Ralph Crum and Randi Crum mutually agree that this Agreement extinguishes all claims against each other (and on behalf of their heirs, assigns, agents and employees) SAVE AND EXCEPT FOR ANY FUTURE VIOLATIONS OF THIS AGREEMENT AND/OR FUTURE VIOLATIONS OF THEIR STANDING DIVORCE DECREE

9. This Agreement is conditioned upon approval of the Agreement by the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division, Robert L. Jones presiding. Upon Judge Jones' approval of the Agreement, which shall only occur after the execution of the agreement by all the parties and other persons referenced above, the appeal now pending concerning Ralph Crum's claims of exemption shall be dismissed by Ralph Crum.

COMPROMISE SETTLEMENT AGREEMENT

5

DATED THIS _____ day of November, 2009.

_____
Ralph Lee Crum

_____
Randi L. Crum

_____
Kent Ries, Trustee for the Bankruptcy Estate
of Ralph Lee Crum

APPROVED AS TO FORM:

_____
Van Northem, Attorney for
Ralph Lee Crum

_____
Coleman Young, Attorney for
Randi Crum

_____
Alice M. McQuaid, Attorney for Ralph
Lee Crum, Connecticut State Court Proceeding

APPROVED AS TO FORM AND CONTENT:

_____
Bryan Hocter, Assistant Attorney General
State of Connecticut, Child Support Division

COMPROMISE SETTLEMENT AGREEMENT

6