Case 08-20297-rlj7   Doc 101   Filed 06/18/10   Entered 06/18/10 11:34:32   Desc Main
Document   Page 1 of 16

Kent Ries
State Bar No. 16914050
1300 Chase Tower
600 S. Tyler, Box 12058
Amarillo, Texas 79101
(806) 242-7437
(806) 242-7440 – Fax

COUNSEL FOR TRUSTEE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| **RALPH LYLE CRUM,** § | **CASE NO. 08-20297-RLJ-7** |
| § | |
| **Debtor.** § | |

## MOTION OF COUNSEL FOR TRUSTEE FOR ALLOWANCE
## OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

TO THE HONORABLE BANKRUPTCY JUDGE:

COMES NOW, Kent Ries, counsel for Trustee of the referenced Chapter 7 bankruptcy estate, and files this Motion of Counsel for Trustee for Allowance of Compensation and Reimbursement of Expenses, and in support thereof would respectfully show unto the Court as follows:

### I.
### JURISDICTION

This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 330. The matter is core pursuant to 28 U.S.C. § 157.

## II.
## BACKGROUND

Debtor filed for relief under Chapter 7 of the United States Bankruptcy Code on May 30, 2008. Kent Ries was subsequently appointed and qualified to serve as the trustee of the assets of the bankruptcy estate.

On July 25, 2008, the Trustee filed his Motion for Approval of Employment of Counsel, wherein the Trustee sought authority of this Court to employ the firm of Kent Ries ("Movant") as his counsel pursuant to 11 U.S.C. § 327. On July 30, 2008, this Court entered its Order approving the employment of the Movant as counsel for the Trustee for such compensation and reimbursement of expenses as is determined appropriate on proper application to this Court.

Since the commencement of this bankruptcy proceeding, Movant has represented the Trustee in connection with this case and all legal services covered by this Motion were performed on behalf of the Trustee and not on the behalf of any other person or entity and none of the services were performed in any capacity other than as counsel for Trustee.

This Motion covers the time period from May 30, 2008, through June 17, 2010. During this period, Movant has expended a total of 67.20 hours in the representation and counsel of the Trustee. Attached hereto and incorporated herein as Exhibit "A" is the statement of Movant setting forth the description of services rendered by Movant and the time expended in connection with the particular services rendered. The summary set-forth in Exhibit "A" further provides an analysis by Movant of the hours expended and hourly rate normally charged for similar services. Movants who have rendered services in connection with this proceeding as well as his hourly rates for bankruptcy and non-bankruptcy clients are as follows:

| PROFESSIONAL | HOURLY RATE |
|---|---|
| **Attorney** | |
| Kent Ries | $200.00 |

The total fee based upon the hours expended and hourly rates associated therewith for the period covered by this Motion amounts to $13,440.00.

During the period covered by this Motion, Movant has necessarily incurred expenses in the representation and counsel of the Trustee. Expenses incurred during the period covered by this Motion total $199.02. The expenses incurred are detailed in Exhibit "A" which is attached hereto.

This Motion is filed more than 120 days after the entry of the Order for Relief in this bankruptcy case. No prior applications for allowance of compensation and/or reimbursement of expenses have been filed. A Summary sheet in the form required by the *Guidelines for Reviewing Applications for Compensation and reimbursement of Expenses Filed Under 11 U.S.C. § 330* is attached hereto and incorporated herein as Exhibit "B".

## III.
## CASE STATUS

The assets administered by the Trustee arose from the settlement of the Debtor's claimed exemptions, which resulted in total receipts to the bankruptcy estate of $205,000.00. There are no other assets of the Estate. Trustee anticipates a distribution to be made to the estate's attorney in the amount of $13,000.00 upon Order of the Bankruptcy Court. Pursuant to a prior Order of this Court, entered March 30, 2010, the maximum legal fees to be charged the Estate are $13,000.00. Trustee has reviewed all claims filed in connection with this proceeding and has obtained orders on all objections filed. There are no remaining matters requiring attention of counsel at this time.

Aside from counsel, and the Chapter 7 Trustee who will seek allowance of compensation and reimbursement of expenses, no other professional has been employed in connection with this proceeding.

## IV.
## SERVICES RENDERED/PROJECT SUMMARY

Counsel has performed services which have been beneficial to the bankruptcy estate and which may be categorized into the following project categories:

A. <u>Asset Analysis and Recovery.</u>  Movant has assisted Trustee in all aspects of asset analysis and liquidation.  Kent Ries has expended no less than 66.30 hours in Category A. services for a total fee of $13,260.00.  The time records attached hereto as Exhibit "A" set forth an itemization of all Category A. services performed by Movant.

B. <u>Employment/Fee Applications.</u>  During the period covered by this Motion, Movant prepared an appropriate Motion to employ and compensate the estate's counsel.  Kent Ries performed all Category B. services in no less than 0.90 hours at an actual cost to the estate of $180.00.  The time records attached hereto as Exhibit "A" set forth an itemization of all Category B. services performed by Movant.

All services described above were performed by Movant and were necessary for the protection and proper administration of the estate herein and such services were rendered in the normal and usual course of the instant proceedings.

## V.
## Evaluation Standards

Pursuant to Section 330(a) of the United States Bankruptcy Code, a Bankruptcy court is required to consider the nature, extent and value of services rendered, taking into account all relevant factors, including various factors enumerated therein. The United States Court of Appeals for the 5th Circuit in *In re First Colonial Corp.*, 544 F.2d 1291 (5h Cir. 1977), and *Johnson vs. Georgia Highway Express*, In., 488 F.2d 714 (5th Cir. 1974), has generated an extensive list of factors to be considered in evaluating compensation to be awarded a professional which is even more exhaustive than the factors to be considered in evaluating compensation to be awarded a professional than the factors listed in Section 330 (a) of the United States Bankruptcy Code. Movant requests that the Court consider the *First Colonial* factors in determining the amount of compensation that is reasonable for the services of Movant in this case:

- A. <u>Time and Labor Required.</u> Movant has expended no less than 67.20 hours in the representation and counsel of the Trustee in legal matters during the period covered by this Motion as detailed on Exhibit "A". Movant maintains records of the time expended in the rendition of professional services for the Trustee, as well as for all of its clients, generally consisting of entries on time sheets by the attorney or paraprofessional performing such services, and retained in that form.

- B. <u>Novelty and Difficulty of Issues.</u> The level of novelty and difficulty of issues raised in connection with this case were well beyond that normally encountered in a Chapter 7 liquidation proceeding.

- C. <u>Skill Required.</u> This matter has required a significant degree of skill from the bankruptcy section of Movant.

D. <u>Preclusion of Other Employment by Movant.</u> This case has not presented an obstacle which has prohibited representation of other bankruptcy and non-bankruptcy clients.

E. <u>Customary Fees.</u> The hourly rates charged by attorneys and paraprofessionals during the period covered by this Motion have fallen within the following ranges:

    Attorney               $200.00

Such hourly rates are with the range of fees customarily charged by attorneys with similar experience in the Northern District of Texas. Movant has incurred certain out-of-pocket expenses in this case prior to this Motion and has had to absorb other minimal cost for which it cannot seek reimbursement. Travel time has not been expended in performing services on behalf of the Trustee.

F. <u>Contingent Fees.</u> At all times until the recent settlement, Movant's compensation has been contingent upon the availability of sufficient funds in the bankruptcy estate and the ultimate determination by this Court

G. <u>Time Limitations.</u> Movant had to expend a substantial amount of time on a priority, expedited, or emergency type basis, due to the nature of the litigation that made up the Chapter 7 bankruptcy estate.

H. <u>Results Obtained.</u> During the course of the administration of this Chapter 7 proceeding, Movant assisted the Trustee in timely liquidating all the estate's assets.

I. <u>Experience, Reputation and Ability of Movant.</u> Movant has represented creditors, Debtors and trustees in liquidation and reorganization proceedings throughout the

State of Texas and its neighboring states and enjoys an excellent reputation in all court's in which he practices.

J. <u>Undesirability of the Case.</u> This case may be said to be undesirable in that the delay and uncertainly in obtaining full compensation in comparison with other cases is significantly greater and the additional time required in preparing and submitting fee applications in the form and manner required by law and the guidelines propounded by the Office of the United States Trustee.

K. <u>Awards in Similar Cases.</u> The compensation requested by Movant is consistent with compensation awarded in other cases of similar size and complexity in the Northern District of Texas.

## VI.
## REQUEST FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

Kent Ries requests that he be allowed final compensation for his fees of $13,440.00 and reimbursement of out-of-pocket expenses necessarily incurred in connection with the representation and counsel of the Trustee in the amount of $199.02 for a total of $13,639.02.

**WHEREFORE, PREMISES CONSIDERED,** Kent Ries, prays that this Court enter an Order (1) allowing the sum of $13,639.02 as compensation for professional services rendered to the Trustee during the period covered by this Motion (b) authorizing distribution on account of said fees and expenses of $13,000.00, the maximum amount allowed to be paid as legal fees pursuant to this Court's Order dated March 30, 2010, and (c) for such other relief, at law or in equity, to which Movant may show himself justly entitled.

Respectfully submitted,

Kent Ries
1300 Chase Tower
600 S. Tyler, Box 12058
Amarillo, Texas 79101


By: /s/ Kent Ries
    Kent Ries
    State Bar No. 16914050

COUNSEL FOR TRUSTEE


**<u>CERTIFICATION OF APPROVAL</u>**

I, Kent Ries, certify that the Chapter 7 Trustee of the referenced bankruptcy estate has received and reviewed the foregoing Motion for Allowance of Compensation and Reimbursement of Expenses. The Chapter 7 Trustee has approved the Motion as submitted.


/s/ Kent Ries
Kent Ries

## NOTICE OF HEARING

NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 624 S. POLK STREET, AMARILLO, TEXAS 79101, BEFORE 4:00 O'CLOCK P.M. ON JULY 9, 2010 WHICH IS TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF.

ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.

IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of June, 2010, a true and correct copy of the above and foregoing Motion was sent electronically or mailed in the United States mail, postage prepaid, to the parties listed on the attached mailing matrix.

　　　　　　　　　　　　　　　　　　　　　　　/s/ Kent Ries
　　　　　　　　　　　　　　　　　　　　　　　Kent Ries

| | | |
|---|---|---|
| U.S. Attorney<br>1100 Commerce, 3rd Floor<br>Dallas, TX 75242-1074 | U.S. Attorney General<br>Department of Justice<br>Washington, DC 20001 | AT&T Mobility<br>P.O. Box 650553<br>Dallas, TX 75265-0553 |
| AMERICAN HONDA FINANCE<br>P O BOX 168088<br>IRVING, TX 75016-8088 | Amex<br>P.O. Box 297871<br>Fort Lauderdale, FL 33329-7871 | Armstrong Moving & Storage<br>2401 Double Creek Drive<br>Round Rock, TX 78664-3806 |
| Arturo Carillo Medical<br>1911 Port Lane<br>Amarillo, TX 79106-2470 | Aspen Collection<br>P.O. Box 5129<br>Spring Hill, FL 34611-5129 | Attorney-In-Charge<br>Office of the United States<br>500 S. Taylor, Lobby Box 238<br>Amarillo, TX 79101-2446 |
| Bank Of America<br>Pob 17054<br>Wilmington, DE 19884-0001 | Bank of America<br>P.O. Box 15714<br>Wilmington, DE 19886-5714 | Chase<br>800 Brooksedge Blvd<br>Westerville, OH 43081-2822 |
| Chase Business Cardmember<br>P.O. Box 94104<br>Palatine, IL 60094-4104 | Comptroller of Public Accounts<br>Taxation Division Bankruptcy<br>P.O. Box 12548<br>Austin, TX 78711-2548 | Financial Recovery Services<br>P.O. Box 385908<br>Minneapolis, MN 55438-5908 |
| Fred Siegel, Esq.<br>1281 East Main Street<br>Holly Pond Plaza<br>Stamford, CT 06902-3544 | GE Capital<br>P.O. Box 740441<br>Atlanta, GA 30374-0441 | Goldfarb & Ajello Court<br>24 East Ave.<br>Box 1372<br>New Canaan, CT 06840-5529 |
| Hartley Hampton<br>Attorney at Law<br>Five Houston Center<br>1401 McKinney, Suite 1800<br>Houston, TX 77010-4037 | Helen Bruno, Esq.<br>112 Prospect Street<br>Stamford, CT 06901-1207 | Home Coming Funding Ne<br>2711 N Haskell Ave. Sw 1<br>Dallas, TX 75204-2911 |
| Homecomings Financial, LLC<br>c/o Pite Duncan, LLP<br>525 East Main Street<br>P.O. Box 12289<br>El Cajon, CA 92022-2289 | Internal Revenue Service<br>Special Procedures Branch<br>Bankruptcy Section, Mail Code<br>1100 Commerce Street<br>Dallas, TX 75242-1001 | Lu Ann Weldon, MSHA, RN, CPC<br>Professional Healthcare<br>1800 W. Cherry Ave.<br>Amarillo, TX 79108-0703 |
| Peter M. Dreyer<br>Siver Golub & Teitell, LLP<br>Post Office Box 389<br>Stamford, CT 06904-0389 | Randi Crum<br>25 Fanton Hill Road<br>Weston, CT 06883-2406 | Randi L. Crum<br>c/o Coleman Young<br>Templeton Law Firm<br>P. O. Box 15010<br>Amarillo, TX 79105-5010 |
| Ruth S. Vidauri<br>Wells Fargo SBA Lending<br>4406 Piedras Dr. West, Ste 100<br>San Antonio, TX 78228-1207 | Tascosa Office Machines<br>1005 W. 8th Street<br>Amarillo, TX 79101-2011 | Texas Workforce Commission<br>101 E. 15th Street<br>Austin, TX 78778-0001 |

```
Tooher & Wocl, LLC              United Collection Bureau, Inc.   Wells Fargo Bank
80 Fourth Street                P.O. Box 1117                    Amarillo Dowtown Business
Stamford, CT 06905-5009         Maumee, OH 43537-8117            905 S. Fillmore
                                                                 Amarillo, TX 79101-3540


Willows Pediatric Group         Ralph Lyle Crum                  Van W. Northern
1563 Post Road East             P.O. Box 40713                   Northern Law Firm
Westport, CT 06880-5602         Austin, TX 78704-0012            112 W. 8th Street, Suite 400
                                                                 Amarillo, TX 79101-2314


American Honda Finance
600 Kelly Way
Holyoke, MA
```

**Kent Ries, Attorney at Law**                                                                June 18, 2010
600 S. Tyler, Box 12058
1300 Chase Tower
Amarillo, TX 79101
(806) 242-7437
TIN: 41-2046483


U. S. Trustee
c/o Kent Ries


|  |  | File #: | 8086-396 |
|---|---|---|---|
| Re: Ralph Lyle Crum |  | Invoice #: | 27581 |
| Case No. 08-20297 |  |  |  |

**Professional services**

|  |  |  |  | Hours | Amount |
|---|---|---|---|---|---|
| B | 7/19/2008 KR | Draft motion to hire counsel; | | 0.20 | 40.00 |
| B-2 A-3 | 7/24/2008 KR | File motion to hire counsel; Draft objection to exemptions; | | 0.70 | 140.00 |
| A | 7/25/2008 KR | Revise and file objection to exemptions; | | 0.30 | 60.00 |
| A | 7/31/2008 KR | Phone call from Van Northern on exemption objection and turnover of IRA; | | 0.20 | 40.00 |
| A | 9/8/2008 KR | Phone call from Van Northern on continuance of exemption hearing; review and sign fax on same; | | 0.20 | 40.00 |
| A | 9/11/2008 KR | Review order on hearing; Attend docket call; | | 0.70 | 140.00 |
| A | 10/1/2008 KR | Phone call from Van Northern on hearing exhibits; Review same; | | 0.30 | 60.00 |
| A | 10/6/2008 KR | Phone call from Van Northern on documents; Review same; Draft witness and exhibit list on objection to exemption; | | 1.20 | 240.00 |
| A | 10/7/2008 KR | Review exhibits from Van Northern and pleadings from same on retirement account exemptions; Meeting with Van Northern on same to trace tax returns and deposits into retirement accounts; Phone call and meeting with Cole Young on same, hearing and personal property issues; Meeting with Cole on ex-spouse support and divorce decree payment to estate; Review motion and order to continue hearing; Sign and fax back same to Van; | | 7.00 | 1,400.00 |
| A | 10/9/2008 KR | Meeting with Cole Young and Van Northern on case issues; Attend docket call on objection to exemption, review court order on hearing; | | 0.80 | 160.00 |
| A | 10/15/2008 KR | Review recent pleadings and draft amended objection to exemptions; | | 0.30 | 60.00 |
| A | 10/22/2008 KR | Revise first amended objection to exemption; | | 0.30 | 60.00 |
| A | 11/3/2008 KR | Phone call fro Van Northern on stipulations and docket/briefing; Review new filed schedules; | | 1.10 | 220.00 |


EXHIBIT A

|   |   |   |   | Hours | Amount |
|---|---|---|---|---|---|
| A | 11/4/2008 | KR | Phone call from Van Northern; Review and modify exemption hearing stipulations; | 0.70 | 140.00 |
| A | 11/5/2008 | KR | Review pleadings related to exemptions and proposed stipulatios on hearing on objection to exemptions; Emails with Cole Young and Van Northern on same; Revise objection to exemptions for newly filed schedules; | 1.90 | 380.00 |
| A | 11/6/2008 | KR | Revise and file first amended objection to exemption; Attend docket call on same; | 0.80 | 160.00 |
| A | 11/10/2008 | KR | Review stipulations and prepare outline for brief; | 1.90 | 380.00 |
| A | 11/17/2008 | KR | Revise motion and file same on briefs; Review emails and phone call and meeting wth Van Northern and Cole Young; Revise and upload order on extension; | 0.60 | 120.00 |
| A | 11/20/2008 | KR | Work on brief for exemption of IRA; | 6.30 | 1,260.00 |
| A | 11/21/2008 | KR | Revise and file brief on exemption; | 1.80 | 360.00 |
| A | 11/25/2008 | KR | Review all briefs filed by parties; Review amended objections and exemptions and draft second amended objection to same; | 1.80 | 360.00 |
| A | 12/8/2008 | KR | Emails with Cole and Van on docket call and witness and exhibit list; | 0.20 | 40.00 |
| A | 12/11/2008 | KR | Attend docket call on exemption amendments and remaining case issues; | 0.30 | 60.00 |
| A | 1/30/2009 | KR | Review email and proposed partial order on exemption objections; Revise order and fax and email back to Cole Young; | 0.40 | 80.00 |
| A | 2/2/2009 | KR | Review revised order on exemptions; Review and reply to same with Cole Young; | 0.20 | 40.00 |
| A | 2/23/2009 | KR | Review court opinion; Emails with Cole Young on same; Draft order; | 0.80 | 160.00 |
| A | 3/19/2009 | KR | Review court opinion, prior partial order and objections exemptions; Draft order per court request; | 1.80 | 360.00 |
| A | 3/20/2009 | KR | Revise order and send with email to Cole Young; Research on priority and exemption issues of DSO's; | 1.40 | 280.00 |
| A | 3/25/2009 | KR | Review revised order from Cole Young, revise and email to same and Van Northern on exemptions; | 0.50 | 100.00 |
| A | 4/9/2009 | KR | Review correspondence and proposed claim orders; Make changes to same and circulate for signature; | 0.70 | 140.00 |
| A | 4/14/2009 | KR | Emails and telephone calls with Van Northern and Cole Young on order; Review and upload same; | 0.60 | 120.00 |
| A | 5/5/2009 | KR | Review notice of appeal and guidelines and dates on same; Phone call with Van Northern; Review certificate of appeal directly to 5th circuit; Sign and fax same to Van; Phone call with 5th circuit on same; | 1.40 | 280.00 |

|   |   |   |   | Hours | Amount |
|---|---|---|---|---|---|
| A | 5/18/2009 | KR | Phone call from Cole Young on appeal and designation; Review appeallate documents for designation; | 0.70 | 140.00 |
| A | 5/19/2009 | KR | Draft motion to compel turnover of Group Sama account; Review appeal rules on bonds and record; | 1.60 | 320.00 |
| A | 5/20/2009 | KR | Revise and file motion to compel turnover of Group SAMA account; | 0.20 | 40.00 |
| A | 6/10/2009 | KR | Phone call from Van Northern on contempt motion | 0.80 | 160.00 |
| A | 6/11/2009 | KR | Prepare for and attend docket call; Emails with Van Northern and Cole Young on order and escrow; Phone call with Felipe Zavala on fund turnover and accounting; | 1.40 | 280.00 |
| A | 6/14/2009 | KR | Review Order for turnover and accounting for Group SAMA funds; | 0.50 | 100.00 |
| A | 6/15/2009 | KR | Revise contempt order, email to Van on same; | 0.60 | 120.00 |
| A | 6/16/2009 | KR | Revisions to order, Phone call with Van on same; Upload; | 0.70 | 140.00 |
| A | 9/25/2009 | KR | Review appeal docket and brief on same from Dr. Crum; | 0.40 | 80.00 |
| A | 10/5/2009 | KR | Phone call from Cole Young on brief and settlement; Phone call with Van Northern on same and continuance; Draft motion and brief on same; | 0.30 | 60.00 |
| A | 10/6/2009 | KR | Revise brief and order on continuance; | 1.40 | 280.00 |
| A | 10/27/2009 | KR | Review Dr. Crum's appellant brief; Draft reply brief; Research on cases from Appellant; | 6.50 | 1,300.00 |
| A | 10/28/2009 | KR | Revise brief, review cases, file brief; Telephone call from Cole Young on same; Review brief on Randi Crum; | 6.10 | 1,220.00 |
| A | 10/29/2009 | KR | Review brief filed by Randi Crum; | 0.60 | 120.00 |
| A | 11/18/2009 | KR | Review and revise global settlement agreement; Phone call from Cole on charges; | 2.20 | 440.00 |
| A | 11/19/2009 | KR | Review revised settlement agreement from Cole Young; Fax signature to same | 0.70 | 140.00 |
| A | 2/22/2010 | KR | Draft motion to compromise appeal; | 1.80 | 360.00 |
| A | 2/23/2010 | KR | Revise motion to compromise appeal and both Crum case claims; | 1.60 | 320.00 |
| A | 2/25/2010 | KR | Revise and file motion to compromise Crum claims and appeal; | 0.90 | 180.00 |
| A | 4/1/2010 | KR | Review motion and order to dismiss appeal, fax same to Van Northern; | 0.30 | 60.00 |
| B | 6/18/2010 | KR | Prepare fee application | 0.50 | 100.00 |

**For professional services rendered**                                    67.20   $13,440.00

**Expenses:**

|  |  | Amount |
|---|---|---:|
| 7/25/2008 | KR Copies - motion to hire counsel for trustee (168 x .20) | 33.60 |
|  | Postage - motion to hire counsel for trustee (35 x .42) | 14.70 |
| 11/21/2008 | KR Copies - Brief in support of amended objection to exemptions (180 x .20); | 36.00 |
|  | Postage on brief in support of objection to exemptions (36 x .42); | 15.12 |
| 5/21/2009 | KR Copies - Motion to compel (140 x .20) | 28.00 |
|  | Postage - Motion to compel (35 x .44); | 15.40 |
| 2/26/2010 | KR Copies - motion to compromise (204 x .20) | 40.80 |
|  | Postage - motion to compromise (35 x .44) | 15.40 |

**Total expenses**                                                          $199.02

**Total amount of this bill**                                             $13,639.02

**Balance due**                                                          $13,639.02

This invoice reflects all payments received through 5/31/10.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| RALPH LYLE CRUM, | § | CASE NO. 08-20297-RLJ-7 |
| | § | |
| Debtor. | § | |

**SUMMARY SHEET**
**(Exhibit B)**

| | | | |
|---|---|---|---|
| **Fees Previously Requested:** | $0.00 | **Name of Applicant:** | |
| **Fees Previously Awarded:** | $0.00 | Kent Ries | |
| | | | |
| **Expenses Previously Requested:** | $0.00 | **Role in the Case:** | |
| **Expenses Previously Awarded:** | $0.00 | General Counsel for Trustee | |
| | | | |
| **Retainer Paid:** | $0.00 | **Current Application** | |
| | | Fees Requested: | $13,440.00 |
| | | Expenses Requested: | $ 199.02 |

**FEE APPLICATION**

| Names Of Professionals/ Paraprofessionals | Year Admitted to Practice | Hours Billed Current Application | Rate | Total Current Application |
|---|---|---|---|---|
| **ATTORNEY** | | | | |
| Kent Ries | 1987 | 67.20 | $200.00 | $13,440.00 |
| | | | | |
| **TOTAL** | | | | **$13,440.00** |